Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/23/2018 08:12 AM CDT

Marc A. Lombardo, appellant and cross-appellee,
v. Michael J. Sedlacek, M.D., appellee
and cross-appellant.

___ N.W.2d ___

Filed March 23, 2018.    No. S-17-146.

1. **Evidence: Appeal and Error.** Generally, the control of discovery is a matter for judicial discretion, and decisions regarding discovery will be upheld on appeal in the absence of an abuse of discretion.

2. **Appeal and Error.** Appellate review of a district court's use of inherent power is for an abuse of discretion.

3. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

4. **Judgments: Motions for Continuance: Appeal and Error.** A court's grant or denial of a continuance and other judicial action authorized by Neb. Rev. Stat. § 25-1335 (Reissue 2016) are within the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion.

5. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.

6. **Judgments: Pleadings: Appeal and Error.** A motion to alter or amend a judgment is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion.

7. **Statutes: Jurisdiction.** Jurisdictional statutes must be strictly construed.

8. **Statutes: Jurisdiction: Legislature: Courts: Appeal and Error.** To say that jurisdiction may be lodged in the Nebraska Supreme Court in any other manner than that provided by the plain words of the statute amounts to judicial legislation.

 9. **Legislature: Intent.** The intent of the Legislature is generally expressed by omission as well as by inclusion.
10. **Statutes: Appeal and Error.** An appellate court is not at liberty to add language to the plain terms of a statute to restrict its meaning.
11. **Pleadings: Notice.** The statutory description of the motion to alter or amend does not include any requirement that the motion be accompanied simultaneously by a notice of hearing before the district court.
12. **Summary Judgment: Motions for Continuance: Affidavits.** The purpose of Neb. Rev. Stat. § 25-1335 (Reissue 2016) is to provide a safeguard against an improvident or premature grant of summary judgment.
13. \_\_\_\_: \_\_\_\_: \_\_\_\_. The affidavit in support of relief under Neb. Rev. Stat. § 25-1335 (Reissue 2016) need not contain evidence going to the merits of the case, but it must contain a reasonable excuse or good cause, explaining why a party is presently unable to offer evidence essential to justify opposition to the motion for summary judgment.
14. **Summary Judgment: Malpractice: Physicians and Surgeons: Affidavits: Proof.** At the summary judgment stage, it is well settled that a physician's self-supporting affidavit suffices to make a prima facie case that the physician did not commit medical malpractice.
15. **Malpractice: Physicians and Surgeons: Expert Witnesses: Presumptions.** There are only very limited exceptions to the requirement of expert testimony to rebut a prima facie case by a physician stating that he or she met the standard of care, where the alleged negligence and the causal link to the plaintiff's injuries are presumed to be within the comprehension of laymen.
16. **Trial: Evidence: Appeal and Error.** In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party.

Appeal from the District Court for Douglas County: Horacio J. Wheelock, Judge. Affirmed.

Christian T. Williams, of Domina Law Group, P.C., L.L.O., for appellant.

Marc A. Lombardo, pro se.

Mary M. Schott and Thomas J. Shomaker, of Sodoro, Daly, Shomaker & Selde, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ.

HEAVICAN, C.J.

## I. NATURE OF CASE

A former patient sued a psychiatrist for medical malpractice. The psychiatrist moved for summary judgment. The psychiatrist averred that he had met the applicable standard of care and that he had given to the patient all materials in his possession pertaining to the patient's care. The court granted the patient a 90-day continuance of the summary judgment hearing, in order to find an expert witness. The court stayed all discovery and pending motions until the summary judgment hearing or an expert witness indicated the need for more discovery. The patient failed to designate an expert within 90 days, and the court granted summary judgment in favor of the psychiatrist. The patient appeals, arguing that the court abused its discretion in staying discovery contingent upon his designation of an expert witness, in refusing to admit into evidence at the summary judgment hearing his first set of requests for admission and the psychiatrist's responses, and in erroneously relying on the psychiatrist's affidavit that allegedly was not in evidence.

## II. BACKGROUND

### 1. COMPLAINT

Marc A. Lombardo, pro se, sued his former psychiatrist, Michael J. Sedlacek, for medical malpractice. Lombardo alleged that Sedlacek was negligent in failing to properly diagnose and treat Lombardo and that as a proximate result, Lombardo suffered permanent personal injuries and damages, including but not limited to, loss of income, medical expenses, impairment of earning capacity, and mental pain and suffering. In Sedlacek's answer to the amended complaint, he admitted that he provided medical care to Lombardo, but denied the remaining allegations. Sedlacek moved for summary judgment.

## 2. Protective Orders

The motion for summary judgment was originally set for hearing on June 1, 2016. At a hearing held on April 28, the court heard several motions.

The court overruled Lombardo's motion to strike Sedlacek's answer on the ground that it was too general.

The court also overruled a motion by Lombardo for a temporary protective order from Sedlacek's discovery requests, pursuant to the federal Health Insurance Portability and Accountability Act of 1996 (HIPAA). The motion had requested "the entry of a Protective Order for the purpose of preventing the disclosure and use of Confidential Information by any party or non-party other than as allowed by the order."

The court granted a motion by Sedlacek for a protective order requiring Lombardo to communicate with Sedlacek's attorney, and not with Sedlacek directly.

The court granted Lombardo a 1-month continuance for Lombardo to respond to Sedlacek's discovery requests.

On May 28, 2016, Lombardo sent Sedlacek his first set of requests for admission.

## 3. Continuance of Summary Judgment Hearing, Stay of Motions and Discovery, and Sedlacek's Affidavits

On June 6, 2016, Lombardo filed a motion to compel Sedlacek to produce certain documents responsive to Lombardo's first set of requests for production, which had been served on April 7. In the motion, Lombardo alleged that Sedlacek had not produced all the documents in his possession and that he had obscured or cropped portions of the documents provided. On June 9, Lombardo filed a motion to continue the hearing on the motion for summary judgment, pursuant to Neb. Rev. Stat. § 25-1335 (Reissue 2016).

The court conducted a hearing on June 13, 2016. The court introduced the hearing as a hearing on summary judgment. At that point, Lombardo interjected that he had filed a motion to

continue the summary judgment hearing. Sedlacek responded that he had objected to the continuance.

Lombardo offered into evidence exhibit 23 in support of his motion to continue. The court entered exhibit 23 into evidence without limitation. Exhibit 23 consists of Lombardo's affidavit and several attachments.

In his affidavit, Lombardo averred that he did not have all the medical records that Sedlacek was supposed to produce, that certain records appeared to contain misrepresentations or fabrications of facts, and that portions of the records were illegible. Lombardo further stated in the affidavit that he needed to depose Sedlacek "in order to understand more about why the records contain the false information." Lombardo requested a continuance of the summary judgment hearing for at least 9 months, after all records were produced, in order for Lombardo to name an expert.

Also contained within exhibit 23 is an affidavit by Sedlacek, dated May 2, 2016. In the May 2 affidavit, Sedlacek averred that he had met or exceeded the applicable standard of care required of him under the circumstances in his treatment of Lombardo.

Lombardo's affidavit, to which Sedlacek's affidavit was attached, did not call into question the authenticity of Sedlacek's May 2, 2016, affidavit. Instead, Lombardo "responded" to Sedlacek's affidavit, stating that he could not opine on the accuracy of Sedlacek's averments and that he disagreed Sedlacek had met the applicable standard of care.

In response to Lombardo's affidavit claiming he had not received all his medical records, Sedlacek entered into evidence exhibit 22. Exhibit 22 is Sedlacek's affidavit, dated June 9, 2016, averring that he had provided all "materials pertaining to . . . Lombardo that I believe are my [sic] possession or the possession of my office staff to my attorneys" and that "[i]t is my understanding that all of the records that I provided to my attorneys were produced to . . . Lombardo in response to his Requests for Production of Documents."

Lombardo confirmed at the hearing that on May 11, he had received 484 pages of documents from the offices of Sedlacek's attorneys.

Given the fairly recent receipt of his medical records, the court ultimately granted Lombardo a 90-day continuance of the summary judgment hearing, in order to find an expert. The court told Lombardo that he would not be allowed to designate an expert after September 13, 2016. The summary judgment hearing was continued to September 15.

The court did not rule upon Lombardo's motion to compel, but instead continued the hearing on any pending motions until September 15, 2016. The court specifically stated that Lombardo was not allowed to depose Sedlacek "until and after such time [Lombardo] has identified his expert or experts, and said expert or experts' opinions." The court explained that Lombardo needed to designate an expert "before we do anything else."

### 4. DENIAL OF MOTION TO ALTER
#### OR AMEND AND STAY OF
##### MOTIONS AND DISCOVERY

The orders from the April 28 and June 13, 2016, hearings were file stamped on June 13, 2016. And, on June 23, Lombardo filed a "Motion to Alter or Amend" the June 13 order relating to the continuance of pending motions and the requirement that Lombardo designate an expert witness.

Despite the court's order staying discovery, Lombardo sent Sedlacek a second set of requests for admission on July 14, 2016. In response, on July 19, Sedlacek also moved for a stay of all discovery until September 15, unless Lombardo could show that the discovery was requested by a potential expert. Sedlacek also moved for a stay of all hearings on all motions filed by Lombardo that did not relate to his ability or duty to designate an expert until September 15.

At a hearing on July 25, 2016, Lombardo again argued that Sedlacek had not provided all records in his possession.

Lombardo claimed he had proof in the form of a letter he received from Sedlacek, a copy of which was not in the records disclosed. Counsel for Sedlacek responded that they had scanned approximately 500 pages of records and had sent them to Lombardo and that those were all the pertinent records in Sedlacek's possession.

The court made a specific finding that all discovery had been complied with up to the date of the hearing.

The court again stayed all discovery until Lombardo designated an expert. The court stated that if Lombardo timely found an expert, and such expert indicated more discovery was necessary, the court would reopen discovery. The court explained that Sedlacek's averment that he had met the standard of care created a prima facie case for summary judgment and that the burden had shifted to Lombardo to present expert testimony showing a material issue of fact.

The court denied Lombardo's motion to alter or amend. The court's order was file stamped on July 26, 2016.

### 5. LOMBARDO'S OBJECTION AND INTERLOCUTORY APPEAL

On August 5, 2016, Lombardo served upon Sedlacek a third set of requests for admission. And on August 8, Lombardo filed an "Objection and Motion." Lombardo stated in the August 8 motion that he objected to the court's order of July 26, because he had not received timely notice of Sedlacek's July 19 motion for a stay of discovery. Lombardo stated, further, that Sedlacek had omitted 38 of 52 requests for admission, which were served on Sedlacek on May 28, 2016, before any stay of discovery. Lombardo asked the court to set aside its order on Sedlacek's July 19 motion or to amend the order so as to remove the stay on discovery.

On August 11, 2016, Lombardo filed a notice of appeal from the court's orders of June 13 and July 26. In an order on August 22, the district court stated that it was retaining jurisdiction while the appeal was pending, on the ground that

Lombardo had appealed from nonfinal orders. On September 19, 2016, in case No. A-16-776, the August 11 appeal was summarily dismissed for lack of jurisdiction by the Nebraska Court of Appeals.

### 6. Hearing and Order Regarding
### Summary Judgment

On September 12, 2016, Lombardo filed a motion to stay the summary judgment hearing, as well as a jury demand. In the motion to stay, Lombardo asserted that his August 11 notice of appeal deprived the court of jurisdiction.

At a hearing on September 15, 2016, the court denied the motion to stay and proceeded with the motion for summary judgment. Lombardo conceded at the hearing that he had not designated an expert. Lombardo explained that he had spoken with a medical doctor, but had not hired the doctor or obtained an affidavit from the doctor expressing any opinion.

Lombardo entered into evidence exhibit 34, entitled "Objection." In the objection, Lombardo asserted, among other things, that Sedlacek's May 2, 2016, affidavit was inadmissible, because Sedlacek made statements that were not based on personal knowledge and because Sedlacek relied on hearsay statements in the medical records. However, Lombardo did not object to the use of the May 2 affidavit on the grounds that it had allegedly been admitted for a limited purpose, that it had been admitted into evidence at a prior hearing, that Lombardo lacked notice it would be relied on in determining the motion for summary judgment, or that the affidavit was submitted by Lombardo rather than by Sedlacek.

Lombardo also offered into evidence exhibit 35, containing Lombardo's first set of requests for admission and Sedlacek's responses. In an affidavit within exhibit 35, Lombardo averred that he mailed a copy of the requests to Sedlacek's attorney on May 28, 2016, and mailed a notice of service on June 1. He further stated that he believed requests Nos. 3, 5 to 11, 13, 14, 16 to 18, 20, 21, 25, 27, and 31 to 52 should be deemed

admitted pursuant to Neb. Ct. R. Disc. § 6-336, because they were not responded to.

A comparison of the requests and the responses found in Lombardo's offer of proof indicates that, with the exception of request No. 38, the requests specified by Lombardo were not individually responded to. However, Sedlacek's response to the first set of requests for admission stated with regard to these unanswered requests that they were "vague, unclear as to time and place, [sought] conclusions of law, [sought] conclusions as to the impressions of others, [were] unintelligible, and/or contain[ed] compound questions."

Sedlacek's attorney objected to the admission of exhibit 35. She asserted that a general denial to a number of requests does not waive or permit those requests to be deemed admitted. The court sustained counsel's objection and refused to enter exhibit 35 into evidence for purposes of the summary judgment hearing.

Lombardo also offered into evidence exhibits 36 and 37, which consisted of Lombardo's second and third sets of requests for admission, along with Lombardo's affidavits stating their dates of service and that Sedlacek had not responded to the requests. The court sustained Sedlacek's objections to the exhibits on the ground that they were subject to the court's stay of discovery.

On September 20, 2016, the court granted summary judgment to Sedlacek. The court ruled that all other pending motions were denied as moot and explicitly stated that the court did not retain any motions for future disposition.

### 7. MOTION TO ALTER OR AMEND

On September 26, 2016, Lombardo filed a motion to alter or amend, asking the court to vacate its order of summary judgment. The motion was served upon Sedlacek, but did not contain a notice of hearing at the time of its filing. A notice of hearing was later filed on December 14, setting the hearing on the motion to alter or amend for December 30. The hearing

was rescheduled for January 13, 2017. Prior to the hearing, Lombardo filed an "Amended Motion to Alter or Amend Judgment," as well as a motion to stay the hearing on his motion to alter or amend.

At the hearing on January 13, 2017, Sedlacek objected to Lombardo's motion to alter or amend on the ground that the district court lacked "jurisdiction" to hear the motion, because Lombardo had failed to comply with Rules of Dist. Ct. of Fourth Jud. Dist. 4-2(B)(1) (rev. 2005). That rule states in relevant part:

> Unless otherwise ordered by the court, all pretrial and posttrial motions or similar filings such as special appearances which require a hearing shall be filed in the case prior to the scheduled hearing. *At the time of making said filing, the party shall obtain a date for hearing thereon from the judge in charge of the case or, in the absence of the judge or at the judge's direction, from a member of the judge's office staff.*

(Emphasis supplied.)

Sedlacek acknowledged receipt of notice of the hearing, but argued that Lombardo should have obtained the notice of hearing before the motion was filed. The court overruled Sedlacek's jurisdictional objection and considered the merits of Lombardo's motion to alter or amend.

During the hearing on Lombardo's motion to alter or amend, one of the attorneys from the firm representing Sedlacek stated that as far as she could tell, Sedlacek's affidavit stating he met the applicable standard of care had not been offered into evidence. The court disagreed. The judge stated that he recalled seeing the affidavit and that it had been "attached to something that was submitted."

In an order dated January 17, 2017, the court denied Lombardo's motion to stay, his motion to alter or amend, and his amended motion to alter or amend. The court denied all other pending motions.

On February 6, 2017, Lombardo filed his notice of appeal and deposited his docket fee in the office of the clerk of the district court. That is the appeal presently before us.

## III. ASSIGNMENTS OF ERROR

Lombardo assigns that the district court erred when it (1) granted summary judgment without an affidavit in support of the motion before it, (2) did not hear and did not grant Lombardo's motion to compel discovery, (3) did not grant Lombardo's motion for additional time in discovery, (4) did not hear and did not grant Lombardo's motions for protection from discovery, (5) determined that Sedlacek had made a prima facie case on the basis of facts not in evidence, (6) relied on facts not in evidence, and (7) denied Lombardo's offer of evidence in opposition to summary judgment.

On cross-appeal, Sedlacek assigns that the district court should have sustained his objection to Lombardo's motion to alter or amend and "acknowledged the case stood dismissed when no appeal was taken within 30 days of the Order granting Summary Judgment."

## IV. STANDARD OF REVIEW

[1,2] Generally, the control of discovery is a matter for judicial discretion, and decisions regarding discovery will be upheld on appeal in the absence of an abuse of discretion.[1] Similarly, appellate review of a district court's use of inherent power is for an abuse of discretion.[2]

[3] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[3]

[4] A court's grant or denial of a continuance and other judicial action authorized by § 25-1335 are within the discretion

---

[1] *Putnam v. Scherbring*, 297 Neb. 868, 902 N.W.2d 140 (2017).

[2] *Id.*

[3] *Id.*

of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion.[4]

[5] In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[5]

[6] A motion to alter or amend a judgment is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion.[6]

## V. ANALYSIS

### 1. JURISDICTION

We first address Sedlacek's cross-appeal. Sedlacek asserts that we lack jurisdiction because Lombardo's motion to alter or amend was defective and thus failed to toll the 30-day statutory period for perfecting his appeal to this court. Sedlacek contends that Lombardo's motion was fatally defective because Lombardo failed to comply with local district court rule 4-2(B)(1), which requires parties to obtain a date for hearing simultaneously to the filing of any motion.

[7-10] An appellate court acquires no jurisdiction unless the appellant has satisfied the requirements for appellate jurisdiction.[7] Jurisdictional statutes must be strictly construed.[8] To say that jurisdiction may be lodged in our appellate court in any other manner than that provided by the plain words of the statute amounts to judicial legislation.[9] The intent of the

---

[4] See, *Gaytan v. Wal-Mart*, 289 Neb. 49, 853 N.W.2d 181 (2014); *Wachtel v. Beer*, 229 Neb. 392, 427 N.W.2d 56 (1988).

[5] *Yoder v. Cotton*, 276 Neb. 954, 758 N.W.2d 630 (2008).

[6] *Breci v. St. Paul Mercury Ins. Co.*, 288 Neb. 626, 849 N.W.2d 523 (2014).

[7] *Goodman v. City of Omaha*, 274 Neb. 539, 742 N.W.2d 26 (2007).

[8] *State v. Parmar*, 255 Neb. 356, 586 N.W.2d 279 (1998).

[9] See *id.*

Legislature is generally expressed by omission as well as by inclusion.[10] We are not at liberty to add language to the plain terms of a statute to restrict its meaning.[11]

Neb. Rev. Stat. § 25-1912(1) (Reissue 2016) provides that an appeal is perfected and the appellate court has jurisdiction when a notice of appeal is properly filed within 30 days of the entry of the judgment, decree, or final order. Subsection (4) of § 25-1912 states:

> Except as otherwise provided in subsection (3) of this section . . . an appeal shall be deemed perfected and the appellate court shall have jurisdiction of the cause when such notice of appeal has been filed and such docket fee deposited in the office of the clerk of the district court, and after being perfected no appeal shall be dismissed without notice, *and no step other than the filing of such notice of appeal and the depositing of such docket fee shall be deemed jurisdictional*.

(Emphasis supplied.)

Section 25-1912(3) provides for termination of the 30-day period through a timely motion to alter or amend. It states in this regard:

> The running of the time for filing a notice of appeal shall be terminated as to all parties . . . (b) *by a timely motion to alter or amend a judgment under section 25-1329*, . . . and the full time for appeal fixed in subsection (1) of this section *commences to run from the entry of the order ruling upon the motion filed pursuant to subdivision (a), (b), or (c) of this subsection*.

(Emphasis supplied.) Thus, under § 25-1912(3), the time to appeal to this court begins anew after the motion to alter or amend is disposed of.[12]

---

[10] *State v. Frederick*, 291 Neb. 243, 864 N.W.2d 681 (2015).

[11] *Id.*

[12] See, *Clarke v. First Nat. Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017); *Gebhardt v. Gebhardt*, 16 Neb. App. 565, 746 N.W.2d 707 (2008).

The only express limitation to this exception within our statutes governing appellate jurisdiction is that the motion to alter or amend be as described by Neb. Rev. Stat. § 25-1329 (Reissue 2016). Section 25-1329 states in full:

> A motion to alter or amend a judgment shall be filed no later than ten days after the entry of the judgment. A motion to alter or amend a judgment filed after the announcement of a verdict or decision but before the entry of judgment shall be treated as filed after the entry of judgment and on the day thereof.

[11] This statutory description of the motion to alter or amend does not include any requirement that the motion be accompanied simultaneously by a notice of hearing before the district court. Under the plain language of our jurisdictional statutes, to terminate the 30-day period for filing a notice of appeal, the motion to alter or amend needs to be filed within 10 days after the entry of the judgment. In this case, it was.

And the district court accepted Lombardo's motion to alter or amend as filed—despite Lombardo's failure to timely set a hearing date under local district court rule 4-2(B)(1). The court specifically rejected Sedlacek's contention that the motion was fatally defective and should not be recognized as filed, for the reason that Lombardo had not simultaneously obtained a date for its hearing.

We find no error in the court's ruling. Indeed, local district court rule 4-2(B)(1) does not by its plain language purport to set forth the requirements of a motion itself. Rather, the rule requires that the party filing a motion obtain a date for hearing on the motion when the motion is filed. It states in relevant part that "[a]t the time of making said filing, the party shall obtain a date for hearing thereon . . . ."

Sedlacek points to no rule stating the consequences of failing to abide by local district court rule 4-2(B)(1). Moreover, district courts have discretion to excuse procedural court

rules.[13] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[14] We find no reason to conclude that the district court abused its discretion in accepting Lombardo's motion to alter or amend as properly filed and under the court's consideration until its ruling on January 17, 2017.

Sedlacek's reliance on Neb. Rev. Stat. § 25-910 (Reissue 2016) does not alter our analysis. Section 25-910 merely outlines the required written content of a notice of a motion "[w]here notice of a motion is required . . . ." It does not state that the motion must be filed simultaneously with a notice of hearing. Moreover, § 25-910 is not cross-referenced by our statutes governing appellate jurisdiction.

The 30-day period for filing a notice of appeal was terminated until Lombardo's motion to alter or amend (filed with the district court within 10 days of the judgment as required by § 25-1329) was disposed of. Then, a new 30-day period began. Lombardo filed his notice of appeal within 30 days of the January 17, 2017, order denying his motion to alter or amend. Therefore, the current appeal is timely and we have jurisdiction to consider the merits of Lombardo's assignments of error.

## 2. Summary Judgment

While Lombardo's pro se brief touches upon many topics, we consider only arguments that were both specifically assigned and specifically argued in the appellate brief.[15] Broadly, Lombardo presents three assertions of error that were both assigned and argued. First, he asserts that the district court erroneously relied on an affidavit not in evidence in its various rulings, including granting summary judgment

[13] See *Houser v. American Paving Asphalt, ante* p. 1, 907 N.W.2d 16 (2018).

[14] *Putnam v. Scherbring, supra* note 1.

[15] See *Bellino v. McGrath North*, 274 Neb. 130, 738 N.W.2d 434 (2007).

in Sedlacek's favor. Second, Lombardo argues that he was unfairly hampered in the amount of discovery permitted before the court ruled on the summary judgment motion, by limiting its continuance to finding an expert and refusing to grant Lombardo's motion to compel discovery. Third, Lombardo asserts that he was prejudiced at the summary judgment hearing by the district court's allegedly erroneous ruling on his offer of exhibit 35, and its failure to grant his motion for a protective order under HIPAA.

### (a) Affidavit "Not in Evidence"

We find no merit to Lombardo's contention that Sedlacek's affidavit, stating he met the applicable standard of care, was not in evidence. It is true, as Lombardo points out, that unless the affidavit is marked, offered, and accepted, it does not become part of the record and cannot be considered by the trial court as evidence.[16] But, fortunately for Sedlacek, the May 2, 2016, affidavit, in which Sedlacek averred he met the applicable standard of care, was offered into evidence by Lombardo as part of exhibit 23. Lombardo's affidavit did not purport to attach Sedlacek's affidavit for a limited purpose. And the district court admitted exhibit 23 into evidence without any restriction on its use. Lombardo's "Objection," at exhibit 34, to the affidavit, on the ground that it was vague and relied on hearsay, was untimely.

Accordingly, Sedlacek's May 2, 2016, affidavit was part of the record and was properly considered by the district court as evidence. Most importantly, the court properly relied upon Sedlacek's affidavit, which was submitted during the June 13 summary judgment hearing, in granting summary judgment in favor of Sedlacek.

### (b) Limited Continuance

We equally find no merit to Lombardo's claim that the court erred in deciding Sedlacek's motion for summary judgment

---

[16] *Altaffer v. Majestic Roofing*, 263 Neb. 518, 641 N.W.2d 34 (2002).

without allowing Lombardo adequate time for discovery to rebut Sedlacek's prima facie case.

[12] Lombardo asserts that pursuant to § 25-1335, the court should have refused Sedlacek's motion for summary judgment or granted Lombardo a continuance on the hearing of the motion, in order to permit affidavits to be obtained, depositions to be taken, or discovery to be had. The purpose of § 25-1335 is to provide a safeguard against an improvident or premature grant of summary judgment.[17] Section 25-1335 provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

[13] We have said that the affidavit in support of relief under § 25-1335 need not contain evidence going to the merits of the case,[18] but it must contain a reasonable excuse or good cause, explaining why a party is presently unable to offer evidence essential to justify opposition to the motion for summary judgment.[19] We have cited with approval case law holding that the affidavit must show how additional time will enable the party to rebut a summary judgment movant's allegation that no genuine issue of material fact exists for disposition by trial.[20] The affidavit should specifically identify the relevant information that will be obtained with additional

---

[17] *Gaytan v. Wal-Mart, supra* note 4; *Wachtel v. Beer, supra* note 4.

[18] See, *Gaytan v. Wal-Mart, supra* note 4; *Dresser v. Union Pacific RR. Co.*, 282 Neb. 537, 809 N.W.2d 713 (2011); *Wachtel v. Beer, supra* note 4.

[19] *Id.*

[20] See *Wachtel v. Beer, supra* note 4, citing *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260 (10th Cir. 1984).

time and indicate some basis for the conclusion that the sought information actually exists.[21]

Generally, the control of discovery is a matter for judicial discretion.[22] A court's grant or denial of a continuance and other judicial action authorized by § 25-1335 is likewise within the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion.[23]

We first note that the court did, in fact, grant Lombardo relief under § 25-1335 in the form of a 90-day continuance for Lombardo to find an expert witness. Nevertheless, Lombardo argues that the court abused its discretion in so limiting the relief and in not allowing Lombardo more time for discovery without a designated expert. In particular, Lombardo argues he should have been allowed more time in order to depose Sedlacek.

In his affidavit in support of relief under § 25-1335, Lombardo claimed he did not have all the medical records, certain records appeared to contain misrepresentations or fabrications of facts, and portions of the records were illegible. He averred that he needed to depose Sedlacek "in order to understand more about why the records contain the false information."

But none of the allegations in Lombardo's affidavit presented a likelihood that additional time for discovery, without designating an expert, would allow Lombardo to rebut Sedlacek's prima facie case for summary judgment. As the district court repeatedly explained, Lombardo needed an expert witness in order to do that.

[14] At the summary judgment stage, it is well settled that a physician's self-supporting affidavit suffices to make

---

[21] See *id.*, citing *VISA Intern. Service v. Bankcard Holders*, 784 F.2d 1472 (9th Cir. 1986).

[22] See, *Putnam v. Scherbring, supra* note 1; *Gallner v. Hoffman*, 264 Neb. 995, 653 N.W.2d 838 (2002).

[23] See, *Gaytan v. Wal-Mart, supra* note 4; *Wachtel v. Beer, supra* note 4.

a prima facie case that the physician did not commit medical malpractice.[24] Sedlacek's affidavit thus shifted the burden to Lombardo to produce admissible contradictory evidence raising a genuine issue of material fact.[25]

And, in medical malpractice cases, expert testimony by a medical professional is normally required to establish the standard of care and causation under the circumstances.[26] Therefore, once the defendant physician in a malpractice case states that he or she has met the standard of care, the plaintiff must normally present expert testimony to show that a material issue of fact exists preventing summary judgment.[27]

[15] There are only very limited exceptions to the requirement of expert testimony to rebut a prima facie case by a physician stating that he or she met the standard of care, where the alleged negligence and the causal link to the plaintiff's injuries are presumed to be within the comprehension of laymen.[28] Lombardo does not argue, however, that any such exception to the need for expert testimony applies to the facts of his case.

Lombardo's argument instead is that Sedlacek's own statements might have created a material issue of fact, had Lombardo been given additional time to depose him. While a defendant physician's own statements can be used to create a material issue of fact in a medical malpractice case,[29] speculation that such statements might be obtained is a poor indication that the sought information actually exists. Furthermore,

---

[24] See *Thone v. Regional West Med. Ctr.*, 275 Neb. 238, 745 N.W.2d 898 (2008).

[25] See *id.*

[26] *Simon v. Drake*, 285 Neb. 784, 829 N.W.2d 686 (2013).

[27] See *Cerny v. Longley*, 270 Neb. 706, 708 N.W.2d 219 (2005). See, also, e.g., *Wagner v. Pope*, 247 Neb. 951, 531 N.W.2d 234 (1995).

[28] See *Thone v. Regional West Med. Ctr., supra* note 24.

[29] See, *Fossett v. Board of Regents*, 258 Neb. 703, 605 N.W.2d 465 (2000); *Healy v. Langdon*, 245 Neb. 1, 511 N.W.2d 498 (1994).

Lombardo's affidavit failed to present good cause as to why he had not deposed Sedlacek before the June 13, 2016, hearing, at which discovery was stayed.

The district court did not abuse its discretion in granting only limited relief under § 25-1335, in the form of a 90-day continuance of the summary judgment hearing in order for Lombardo to obtain an expert witness.

Relatedly, the district court did not err in refusing to entertain Lombardo's motion to compel discovery until the summary judgment hearing, unless Lombardo designated an expert witness stating the need for further discovery.

Nor did the court err in ultimately denying Lombardo's motion to compel when Lombardo failed to designate an expert witness by September 13, 2016.

(c) Evidence Not Admitted at
Summary Judgment Hearing

Lastly, Lombardo argues that he was prejudiced in his ability to present a material issue of fact at the summary judgment hearing by virtue of the court's refusal to enter exhibit 35 into evidence and its denial of Lombardo's motion for a protective order.

Lombardo argues that exhibit 35, containing Sedlacek's responses to Lombardo's first set of requests for admission, would have created a material issue of fact if the court had admitted it into evidence. Specifically, he asserts that the court should have recognized as admitted, under § 6-336, several "unanswered" requests for admission. These allegedly admitted allegations would, according to Lombardo, have established that Sedlacek breached his "duty as physician to establish a thorough and accurate medical history."[30]

Section 6-336 states in relevant part, "The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow,

---

[30] Brief for appellant at 31.

the party to whom the request is directed serves upon the party requesting the admission a written answer *or objection* addressed to the matter . . . ." (Emphasis supplied.) Matters admitted pursuant to § 6-336 are a proper basis for a summary judgment.[31]

Section 6-336 is self-enforcing but not self-executing.[32] It requires that a party, claiming another party's admission by failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to the request and must subsequently offer the request for admission as evidence.[33] If the necessary foundational requirements are met and no motion is sustained to withdraw an admission, the trial court is obligated to give effect to the provisions of § 6-336.[34]

While Lombardo's affidavit in exhibit 35 proved service, he did not demonstrate Sedlacek's failure to object to the request. Exhibit 35 demonstrated that Sedlacek had objected to the unanswered requests as vague, unclear as to time and place, sought conclusions of law, sought conclusions as to the impressions of others, were unintelligible, and/or contained compound questions. Lombardo did not take issue below with the fact that the objections referred to several requests simultaneously, nor did he take issue with the form of the objections in his appellate brief.

[16] In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party.[35] We conclude that even

---

[31] *Wilson v. Misko*, 244 Neb. 526, 508 N.W.2d 238 (1993).

[32] See, *U.S. Bank Nat. Assn. v. Peterson*, 284 Neb. 820, 823 N.W.2d 460 (2012); *Tymar v. Two Men and a Truck*, 282 Neb. 692, 805 N.W.2d 648 (2011); *Wibbels v. Unick*, 229 Neb. 184, 426 N.W.2d 244 (1988).

[33] *Id.*

[34] *U.S. Bank Nat. Assn. v. Peterson, supra* note 32; *Conley v. Brazer*, 278 Neb. 508, 772 N.W.2d 545 (2009).

[35] *In re Estate of Clinger*, 292 Neb. 237, 872 N.W.2d 37 (2015).

had the court admitted exhibit 35 into evidence, there would not have been matters admitted under § 6-336. Moreover, Lombardo fails to explain how the requests for admission, which were largely in hypothetical form, would have created a material issue of fact even if deemed admitted. We find no prejudicial error in the court's ruling on exhibit 35.

Lombardo also claims that he was prejudiced by the court's refusal to grant his motion for a protective order under HIPAA. He claims that he could not offer his medical records as evidence at the summary judgment hearing, because they were not properly protected.

Lombardo fails to point to what provision of HIPAA requires such a protective order or to any case law supporting his right to a protective order. And even if Lombardo had entered his medical records into evidence, they would not have created a material issue of fact. We agree with the district court that in order to create a material issue of fact, Lombardo needed to submit an expert's opinion that Sedlacek had breached the applicable standard of care. Thus, again, we find no prejudicial error in the court's order denying Lombardo's motion for a protective order.

## VI. CONCLUSION

The district court did not err in continuing the summary judgment hearing for only the limited purpose of giving Lombardo more time to hire an expert witness. The court did not err in relying on Sedlacek's affidavit in which he averred that he had met the applicable standard of care. And Lombardo was not prejudiced by the court's refusal to enter exhibit 35 into evidence at the summary judgment hearing or by its denial of Lombardo's motion for a protective order under HIPAA.

AFFIRMED.

WRIGHT and KELCH, JJ., not participating.