IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

LEU V. ALEGENT CREIGHTON CLINIC

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JENA J. LEU, APPELLANT,

V.

ALEGENT CREIGHTON CLINIC, A NONPROFIT DOMESTIC CORPORATION
DOING BUSINESS AS CHI HEALTH CLINIC, APPELLEE.

Filed January 21, 2025.    No. A-24-034.

Appeal from the District Court for Douglas County: LEANNE M. SRB, Judge. Affirmed.

Danny C. Leavitt for appellant.

Cathy S. Trent-Vilim and Patrick G. Vipond, of Lamson, Dugan & Murray, L.L.P., for appellee.

RIEDMANN, Chief Judge, and PIRTLE and ARTERBURN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Jena J. Leu brought an action for medical malpractice against Alegent Creighton Clinic (Alegent), in the district court for Douglas County. After determining that the testimonies of Leu's expert witnesses were inadmissible under *Carson v. Steinke*, 314 Neb. 140, 989 N.W.2d 401 (2023), Alegent motioned for summary judgment. After holding a hearing on this motion where Leu failed to provide any evidence in opposition, the district court granted the motion for summary judgment. Leu now appeals. For the reasons that follow, we affirm.

## BACKGROUND

On January 19, 2017, Leu filed a complaint for medical malpractice against Alegent, Dr. Ann Sullivan, and numerous other defendants. The claims arose from a series of events in 2015

- 1 -

when Sullivan treated Leu for breast pain. After several weeks of treatment for different possible conditions, Leu's symptoms continued to worsen. Then over the course of 4 days, Leu's breast became infected, she exhibited symptoms of sepsis and required an emergency mastectomy of her right breast. By the time the matter was scheduled for trial, Alegent was the only remaining defendant.

Two trials were eventually held, both of which resulted in mistrials. The July 2022 mistrial was due to several jurors having COVID-19. And the January 2023 mistrial was due to a deadlocked jury. At both trials, Leu relied on the expert testimonies of Dr. Ben Anderson and Dr. Fred Duboe. A third trial was scheduled for January 8, 2024.

Eight months before the third trial was set to begin, the Nebraska Supreme Court decided *Carson v. Steinke, supra*. In *Carson*, the court articulated that in medical malpractice cases:

> [T]he burden is on the proponent of standard-of-care testimony to demonstrate that the expert is familiar with the customary practice among physicians in the defendant's community or a community that is similar in terms of available resources, facilities, personnel, practices, and other medically relevant factors. If a party cannot demonstrate his or her expert's familiarity with such standard of care, then the expert's testimony is properly excluded.

*Id.* at 154, 989 N.W.2d at 414.

On December 13, 2023, 26 days before the third trial was scheduled, Leu filed a motion in limine that, in part, requested a preliminary ruling to determine if Anderson's and Duboe's expert testimonies were admissible under the *Carson* decision. A hearing was held on this motion on December 20. On December 21, the court issued an order finding that Anderson's and Duboe's expert testimonies were inadmissible because they failed to demonstrate they had personal knowledge of the local standard of care in Omaha, Nebraska, or other similar communities. The court also found that neither expert did any investigation to obtain knowledge of the local standard of care or had experience in communities with similar medical facilities, personnel, services, or practices.

On December 22, 2023, because Anderson and Duboe were the only expert witnesses Leu obtained to opine on the requisite standard of care, Alegent filed a motion for summary judgment. In this motion and corresponding materials, Alegent alleged that without Anderson's and Duboe's testimonies Leu was unable to demonstrate a prima facie case of medical malpractice.

On December 28, 2023, Leu filed a motion for reconsideration requesting the court reconsider its rulings that excluded Anderson's and Duboe's testimonies. However, Leu never responded to Alegent's motion for summary judgment. Specifically, Leu never filed an evidence index in opposition or an annotated statement of disputed facts as required by Neb. Ct. R. § 6-1526(B) of the Uniform District Court Rules of Practice and Procedure.

Hearings on Leu's motion for reconsideration and Alegent's motion for summary judgment were held on January 2, 2024. The court first addressed Leu's motion for reconsideration. At that time, Leu's attorney offered exhibits 120 through 126 which included Anderson's curriculum vitae; Anderson's deposition from March 5, 2019; Anderson's trial testimony from the January 2023 trial; Alegent's answers to certain interrogatories; Duboe's deposition from December 14,

2022; and Duboe's curriculum vitae, respectively. The court received each of these exhibits. Alegent then offered its evidence, and the parties argued their positions.

The court then stated, "Let's move on to the motion for summary judgment." At that point, Alegent offered several exhibits which were received by the court. One of these exhibits was Sullivan's affidavit where she essentially stated that she was familiar with the requisite standard of care in Omaha, Nebraska, and had complied with that standard of care in treating Leu. When it was Leu's turn to submit evidence, the following colloquy occurred:

THE COURT: Okay. And you did not submit anything on [the motion for summary judgment]? You didn't submit an opposition to the summary judgment or anything?

[Leu's attorney]: The opposition is essentially the motion to reconsider, and then asking the Court to reconsider this motion –

THE COURT: So you want to -- you're calling that your opposition, rather than filing something formal?

[Leu's attorney]: Well, I'm asking the Court to reconsider those motions, and saying that the motion for summary judgment is premature based on the motion to reconsider.

Accordingly, Leu's attorney did not offer any evidence in opposition to the motion for summary judgment.

On January 2, 2024, the court issued an order denying Leu's motion to reconsider. The same day, the court issued an order granting Alegent's motion for summary judgment. In this order, the court stated:

At the summary judgment stage, it is well settled that a physician's self-supporting affidavit suffices to make a prima facie case that the physician did not commit medical malpractice. . . . Therefore, once the defendant physician in a malpractice case states that he or she has met the standard of care, the plaintiff must normally present expert testimony to show that a material issue of fact exists preventing summary judgment. . . .

Here [Alegent] submitted an affidavit authored by Dr. Sullivan in which she demonstrates her qualifications as an expert as to the standard of care in Omaha, Nebraska as well as her compliance with the standard of care in her diagnosis and treatment of [Leu] in January 2015. After considering the evidence and arguments proffered by the parties, the Court finds [Alegent] made a prima facie case that Dr. Sullivan did not commit malpractice as provided in [*Lombardo v. Sedlacek*, 299 Neb. 400, 908 N.W.2d 630 (2018)].

Thus, as Dr. Sullivan's affidavit suffices to make a prima facie case that [Alegent] did not commit medical malpractice, [Leu] must normally present expert testimony to show that a material issue of fact exists preventing summary judgment. . . . However, [Leu] does not have admissible expert testimony to establish that Dr. Sullivan/[Alegent] breached the standard of care and thus failed to create a material issue of fact to prevent summary judgment on [Leu's] claim of medical negligence. Therefore, [Alegent] is entitled to summary judgment.

(Citations omitted.)

Leu now appeals.

## ASSIGNMENTS OF ERROR

Restated, Leu assigns the district court erred by (1) determining that Anderson's and Duboe's expert opinions were inadmissible at the third trial; (2) overruling her motion to reconsider; and (3) granting Alegent's motion for summary judgment.

## STANDARD OF REVIEW

An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Continental Resources v. Fair*, 317 Neb. 391, 10 N.W.3d 510 (2024).

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

## ANALYSIS

For reasons that will become clear, we only need to address Leu's third assignment of error concerning the court's order that granted Alegent's motion for summary judgment.

Alegent asserts that the district court did not err in granting its motion for summary judgment because Leu failed to file any evidence in opposition to its motion. In turn, Leu acknowledges that she did not file an evidence index or annotated statement of disputed facts but asserts that if she had, those filings would have contained the same information as the exhibits she offered in support of her motion to reconsider. Thus, she essentially argues that the district court should have considered the evidence she offered in support of her motion to reconsider when it ruled on the motion for summary judgment. With this, she contends that if the court had considered that evidence, it would have found a genuine issue of material fact that precluded summary judgment.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Ronnfeldt Farms, Inc. v. Arp*, 317 Neb. 690, 11 N.W.3d 371 (2024). The party moving for summary judgment must make a prima facie case by producing enough evidence to show the movant would be entitled to judgment if the evidence were uncontroverted at trial. *Id.* If the burden of proof at trial would be on the nonmoving party, then the party moving for summary judgment may satisfy its prima facie burden either by citing to materials in the record that affirmatively negate an essential element of the nonmoving party's claim or by citing to materials in the record demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *Id.* If the moving party makes a prima facie case, the burden shifts to the nonmovant to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. *Id.*

Neb. Rev. Stat. § 25-1332 (Cum. Supp. 2022) identifies the type of evidence that may be received on a motion for summary judgment and the legal standard to be applied when deciding such motions. *Clark v. Scheels All Sports*, 314 Neb. 49, 989 N.W.2d 39 (2023). "Regarding the

former, the statute provides, 'The evidence that may be received on a motion for summary judgment includes depositions, answers to interrogatories, admissions, stipulations, and affidavits.'" *Id*. at 59, 989 N.W.2d at 47. "Regarding the latter, the statute provides that summary judgment 'shall be rendered forthwith if the pleadings and the evidence admitted at the hearing show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.*

To make a prima facie case for medical malpractice, a plaintiff must show (1) the applicable standard of care, (2) that the defendant(s) deviated from that standard of care, and (3) that this deviation was the proximate cause of the plaintiff's harm. *Konsul v. Asensio*, 316 Neb. 874, 7 N.W.3d 619 (2024). Generally, expert testimony is required on each element. *Id.*

In the present case, Alegent, as the moving party, bore the initial burden to demonstrate a prima facie case that if its evidence admitted at the hearing was uncontroverted at trial, it would be entitled to judgment as a matter of law. And because Leu would have born the burden of proof at trial, Alegent could satisfy its burden by either citing to materials in the record that affirmatively negated an essential element of Leu's medical malpractice claim or by citing to materials in the record demonstrating that Leu's evidence was insufficient to establish an essential element of her claim. See, *Ronnfeldt Farms, Inc. v. Arp, supra*; *Clark v. Scheels All Sports, supra*.

We determine that Alegent satisfied its burden by introducing Sullivan's affidavit that asserted she was familiar with the requisite standard of care in Omaha, Nebraska, and complied with that standard of care in treating Leu. At the summary judgment stage, it is well settled that a physician's self-supporting affidavit suffices to make a prima facie case that the physician did not commit medical malpractice. *Lombardo v. Sedlacek*, 299 Neb. 400, 908 N.W.2d 630 (2018). Once the defendant physician in a malpractice case states that he or she has met the standard of care, the plaintiff must normally present expert testimony to show that a material issue of fact exists preventing summary judgment. *Id.* Thus, Sullivan's affidavit shifted the burden to Leu to produce admissible expert testimony that raised a genuine issue of material fact as to whether Sullivan complied with the requisite standard of care.

Upon this burden shift, Leu failed to introduce any evidence, let alone evidence raising a genuine issue of material fact. Instead of offering evidence in opposition to the motion for summary judgment, Leu's attorney asserted that the motion to reconsider was their opposition. But a motion to reconsider cannot constitute evidence in a summary judgment proceeding. Section 25-1332 clearly provides: "The evidence that may be received on a motion for summary judgment includes depositions, answers to interrogatories, admissions, stipulations, and affidavits."

But Leu attempts to argue that the evidence she offered in support of her motion to reconsider should have been considered for the motion for summary judgment. In this argument, she relies on the Supreme Court's holding in *Humphrey v. Smith*, 311 Neb. 632, 974 N.W.2d 293 (2022). In *Humphrey*, a motion for summary judgment was filed and the nonmoving parties failed to file an evidence index and an annotated statement of disputed facts as required by § 6-1526(B). *Humphrey v. Smith, supra.* At the hearing, the nonmoving parties attempted to offer evidence in opposition to the motion for summary judgment, but the moving party objected on the basis that they had not complied with the court rules. *Id.* The district court overruled these objections, allowed the nonmoving parties to offer their evidence, and ultimately granted the motion for

summary judgment, in part, and denied it, in part. *Id.* The nonmoving parties then appealed the portions of the order that granted summary judgment. *Id.*

On appeal, the Supreme Court considered the implications of the nonmoving parties' failure to comply with § 6-1526(B) and whether the district court abused its discretion in excusing the noncompliance. *Humphrey v. Smith, supra.* In finding that the district court did not abuse its discretion, the court explained that trial courts should have the ability to adapt procedures to the needs of a particular case. *Id.* Additionally, the court reasoned that the nonmoving parties' lack of compliance with § 6-1526(B) had little impact because the information that would have been supplied in their evidence index and annotated statement of disputed facts was already contained in other materials presented to the court. *Humphrey v. Smith, supra.* In these findings, the court held that the district court did not err in allowing the nonmoving parties to offer evidence in opposition to the motion for summary judgment even though they did not comply with § 6-1526(B). *Humphrey v. Smith, supra.*

However, the present matter presents a different problem. The issue in *Humphrey* was limited to whether the district court should have enforced the nonmoving parties' noncompliance with § 6-1526(B) by barring them from offering evidence at the summary judgment hearing. And while the court ultimately found that the district court had the discretion to excuse the nonmoving parties' noncompliance and that other materials already presented to the court contained the same information that would have been in their evidence index and statement of disputed facts, the nonmoving parties still offered evidence in opposition to the motion for summary judgment. In the current matter, Leu not only failed to file an evidence index or annotated statement of disputed facts but failed to offer any evidence in opposition to the motion for summary judgment.

Because of this stark contrast, a more apt comparison to the present matter is what occurred in *Controlled Environ. Constr. v. Key Indus. Refrig.*, 266 Neb. 927, 670 N.W.2d 771 (2003). In this case, there were two defendants who filed separate motions for summary judgment. *Id.* At the first defendant's hearing, certain evidence was adduced that was not offered at the second defendant's hearing. *Id.* However, in its ruling on the second defendant's motion for summary judgment, the court relied upon the evidence that was only offered in the first defendant's hearing. *Id.* The Supreme Court determined this constituted error. Specifically, the court stated:

> To the extent the trial court relied on evidence not marked, offered, and received into evidence in [the second defendant's] motion for summary judgment, it erred. Summary judgment is proper when the pleadings and the evidence *admitted at the hearing* disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. In connection with a motion for summary judgment, "unless the evidence is marked, offered, and received, it does not become part of the record and cannot be considered by the trial court as evidence in the case."

*Id.* at 944, 670 N.W.2d at 785 (emphasis in original).

Therefore, while the rationale from *Humphrey v. Smith*, 311 Neb. 632, 974 N.W.2d 293 (2022), may excuse Leu's noncompliance with § 6-1526(B), it does not support her broader contention that the court should have considered the evidence she offered in support of the motion to reconsider as evidence in opposition to the motion for summary judgment. As articulated within

the plain language of § 25-1332 and in *Controlled Environ. Constr. v. Key Indus. Refrig., supra*, any evidence considered in a summary judgment proceeding must be "admitted at the hearing." And while we acknowledge that the hearings on Leu's motion to reconsider and Alegent's motion for summary judgment were held on the same day, and occurred back-to-back, they still constituted distinct proceedings that required separate offers of evidence. Accordingly, we determine Leu failed to meet her burden to raise a genuine issue of material fact after Alegent demonstrated a prima facie case that it was entitled to judgment as a matter of law. Therefore, we determine the district court did not err in granting Alegent's motion for summary judgment.

We recognize that it may seem futile to require evidence already deemed inadmissible to be offered at the summary judgment hearing since it would likely be subject to a successful objection. However, following this procedure would have put the case in a procedural posture to review whether such an objection was properly sustained, thus allowing a review of the underlying issue of whether the expert testimony was properly deemed inadmissible. But because no evidence was offered in opposition to the summary judgment motion, we are unable to conduct such a review. Having found the district court did not err in granting Alegent's motion for summary judgment, we need not consider Leu's other assigned errors. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *In re Interest of Steven V.*, 33 Neb. App. 256, 14 N.W.3d 18 (2024).

CONCLUSION

We conclude that the district court did not err in granting Alegent's motion for summary judgment because Leu failed to provide any evidence in opposition that raised a genuine issue of material fact. Because this outcome is determinative, we do not address Leu's other assignments of error.

AFFIRMED.