Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/31/2018 09:10 AM CDT

State of Nebraska on behalf of Marcelo K.
and Rycki K., minor children, appellant,
v. Ricky K. and Belinda D., appellees.

___ N.W.2d ___

Filed June 8, 2018.    No. S-17-723.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

2. \_\_\_\_: \_\_\_\_. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

3. **Actions: Parties: Final Orders: Appeal and Error.** One may bring an appeal pursuant to Neb. Rev. Stat. § 25-1315 (Reissue 2016) only when (1) multiple causes of action or multiple parties are present, (2) the court enters a "final order" within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 2016) as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal.

4. **Jurisdiction: Appeal and Error.** An appellate court and the tribunal appealed from do not have jurisdiction over the same case at the same time.

Appeal from the District Court for Douglas County: Marlon A. Polk, Judge. Appeal dismissed.

Theodore P. Arndt, Authorized Attorney for the State of Nebraska, for appellant.

Willow T. Head, of Law Offices of Willow T. Head, P.C., L.L.O., for appellee Ricky K.

- 180 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE ON BEHALF OF MARCELO K. & RYCKI K. v. RICKY K.
Cite as 300 Neb. 179

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ., and Daugherty, District Judge.

Cassel, J.

## INTRODUCTION

The State of Nebraska initiated a proceeding to establish support for two children, based upon notarized acknowledgments of paternity. Ultimately, the pleadings framed multiple claims. After the district court entered an order disestablishing paternity of one child and taking no action on the other claims, the State purported to appeal. Because our statute[1] governing multiple parties and multiple claims dictates that the order was not final or appealable, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

The State brought an action against Ricky K., the acknowledged father of Marcelo K. and Rycki K., to establish child support for the two minor children. Belinda D., the mother of the minor children, was joined in the initial complaint, which styled her as a "Third Party Defendant."

Ricky filed an amended answer and counterclaim and cross-claim (styled as a cross-complaint, despite seeking relief against both the State and Belinda) in which he alleged that he was not the biological father of Marcelo, that Belinda fraudulently coerced him into signing the minor child's birth certificate, and that there was a material mistake of fact and fraud based on her representations. For these reasons, he sought a disestablishment of paternity as to Marcelo. As to Rycki, Ricky admitted he was Rycki's biological father and sought joint legal and physical custody of the minor child. The counterclaim and cross-claim set forth two "causes of action" separately raising Ricky's claims regarding Marcelo and Rycki, respectively.

---

[1] Neb. Rev. Stat. § 25-1315 (Reissue 2016).

- 181 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
STATE ON BEHALF OF MARCELO K. & RYCKI K. v. RICKY K.
Cite as 300 Neb. 179

The district court did not officially bifurcate the matter, but the issues pertaining to the disestablishment of paternity of Marcelo, including appointment of a guardian ad litem, were referred to the district court referee. After genetic testing was done, but before hearing on the disestablishment issue, the referee appointed a guardian ad litem.

After an evidentiary hearing on disestablishment, the referee found that the genetic testing excluded Ricky from being Marcelo's biological father. However, because the referee determined that both Ricky and Belinda signed the acknowledgment of paternity knowing that Ricky was not Marcelo's biological father, it concluded that the evidence was insufficient to satisfy the required showing of fraud, material mistake of fact, or duress. Consequently, the referee determined that Ricky had failed to meet his burden of proof and recommended denying disestablishment.

Ricky filed exceptions to the referee's report and requested that the issue be considered by the district court. After a hearing, the district court sustained the exception to the referee's recommendations and rejected its analysis and conclusion. The court made independent findings and concluded that the statutory requirements to set aside the acknowledgment of paternity as to Marcelo on the basis of fraud had been met.

The court entered this order on June 19, 2017. This order purported to set aside the prior legal determination establishing Ricky's paternity of Marcelo and ordered that Ricky shall have no legal obligation of a parent or be recognized as a parent to Marcelo. The order was silent as to Rycki, the other child.

On July 17, 2017, the State purported to appeal from the June 19 order. In due course, the appeal was docketed and we moved it to our docket.[2]

---

[2] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

- 182 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
STATE ON BEHALF OF MARCELO K. & RYCKI K. v. RICKY K.
Cite as 300 Neb. 179

On September 6, 2017, the district court entered a decree of paternity addressing the remaining claims against Ricky concerning the minor child Rycki. The decree stated in part, "[Ricky] is found not to be the biological father of [Marcelo], and [Ricky] filed to disestablish paternity of [Marcelo]. . . . [A]fter a hearing, the Court found that fraud existed and disestablishment was in the best interest of [Marcelo], and granted disestablishment of paternity as it pertains to [Marcelo]." The record does not show any appeal or attempt to appeal from the September 6 decree.

## ASSIGNMENTS OF ERROR

The State assigns that the district court abused its discretion when it determined that Ricky successfully challenged a notarized acknowledgment of paternity and met his burden to show fraud, duress, or a material mistake of fact in the signing of the acknowledgment.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[3]

## ANALYSIS

[2] Ricky asserts that there is "an issue whether or not [this court] has jurisdiction based on whether the Order dated June 19, 2017 is the final order."[4] Ricky does not explain why this is so, but before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[5] Therefore, we must first determine whether we have appellate jurisdiction to review the district court's order disestablishing Ricky's paternity of Marcelo.

---

[3] *Deleon v. Reinke Mfg. Co.*, 287 Neb. 419, 843 N.W.2d 601 (2014).

[4] Brief for appellee at 1.

[5] See *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018).

- 183 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE ON BEHALF OF MARCELO K. & RYCKI K. v. RICKY K.
Cite as 300 Neb. 179

Appellate courts have jurisdiction to review the judgments and final orders of the district court.[6] A "judgment" is "the final determination of the rights of the parties in an action."[7] The pleadings set forth three claims: the State's claim to establish child support as to both children, Ricky's "cause of action" for disestablishment of Marcelo, and his "cause of action" for custody and visitation of Rycki. The June 19, 2017, order addressed only one of the three claims. Because the June 19 order did not finally determine the rights of the parties in the paternity action, it was not a "judgment."

[3] Another statute provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.[8]

And, where this statute is implicated, we have held that one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a "final order" within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 2016) as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal.[9]

[4] In the present case, there were multiple parties and multiple claims. However, the district court did not make an

---

[6] See Neb. Rev. Stat. § 25-1911 (Reissue 2016).

[7] Neb. Rev. Stat. § 25-1301(1) (Reissue 2016).

[8] § 25-1315(1).

[9] See *Blue Cross and Blue Shield v. Dailey*, 268 Neb. 733, 687 N.W.2d 689 (2004).

- 184 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE ON BEHALF OF MARCELO K. & RYCKI K. v. RICKY K.
Cite as 300 Neb. 179

express direction for the entry of judgment. Presumably the district court did not intend the June 19, 2017, order to be final, because it retained jurisdiction over the case after the State appealed and entered the paternity decree on September 6. It no doubt was aware of the longstanding principle that an appellate court and the tribunal appealed from do not have jurisdiction over the same case at the same time.[10] Therefore, without the district court's express direction for the entry of judgment, we have no jurisdiction to review the June 19 order.

Nonetheless, the State responded at oral argument that the disestablishment order was a final order, because it was an order affecting a substantial right made during a special proceeding, or perhaps, the State argued, made when such order in effect determined the action and prevented a judgment.[11]

But the State does not explain how this would avoid the effect of § 25-1315. That section states, "In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties . . . ."[12] Even if disestablishment was fully adjudicated by the June 19, 2017, order, it was asserted with other claims in the overall proceeding. Because the June 19 order did not adjudicate those other claims, it did not "terminate the action as to any of the claims or parties," including the disestablishment claim.

For the sake of completeness, we note that in three limited instances, we have found § 25-1315 to not apply in the case of a special proceeding. But, we find the present case

---

[10] See, *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996); *State Bank of Beaver Crossing v. Mackley*, 118 Neb. 734, 226 N.W. 318 (1929).

[11] See § 25-1902.

[12] § 25-1315(1).

- 185 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE ON BEHALF OF MARCELO K. & RYCKI K. v. RICKY K.
Cite as 300 Neb. 179

distinguishable. First, we have declined to apply § 25-1315 to a postconviction order granting an evidentiary hearing on some issues and denying a hearing on others.[13] Although we followed pre-§ 25-1315 precedent, we should have explained that a postconviction proceeding does not raise multiple claims within the meaning of § 25-1315, but may assert multiple grounds for a prisoner's claim of a "denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States."[14] Here, in contrast, multiple claims were presented.

Second, we have declined to apply § 25-1315 to an order determining title in a partition proceeding where the parties have united the issues of title and the right to partition.[15] Because an order in such a case affirmatively disposes of all title claims of all interested parties, it does not implicate § 25-1315 which only applies where there is a final order "as to one or more *but fewer than all* of the claims or parties."[16] But, as we have explained, § 25-1315 is implicated in the present case, because it involved multiple parties and multiple claims and resolved fewer than all of the causes of action or parties.

Finally, we have declined to apply § 25-1315 in the context of an order denying intervention.[17] In that circumstance, we have found that the plain language of § 25-1315 is not implicated, because although it references claims, counterclaims, cross-claims, and third-party claims, it does not mention complaints in intervention. Without plain language to the

---

[13] See *State v. Harris*, 267 Neb. 771, 677 N.W.2d 147 (2004).

[14] Neb. Rev. Stat. § 29-3001(1) (Reissue 2016).

[15] See *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. 639, 889 N.W.2d 825 (2017).

[16] § 25-1315(1) (emphasis supplied).

[17] See *Streck, Inc. v. Ryan Family*, 297 Neb. 773, 901 N.W.2d 284 (2017).

- 186 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE ON BEHALF OF MARCELO K. & RYCKI K. v. RICKY K.
Cite as 300 Neb. 179

contrary, we shall continue to apply preexisting final order jurisprudence to orders denying intervention. But, as here, where the language of § 25-1315 is implicated, we must apply the requirements of that section in order to find a final, appealable order.

## CONCLUSION

Because the State appealed from an order deemed to be nonfinal under § 25-1315, we lack jurisdiction over the appeal. Accordingly, the appeal must be dismissed.

APPEAL DISMISSED.