Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/19/2019 09:07 AM CDT

Bryson L., appellee, v. Izabella L., appellee,
and David B., interested party, appellant.
___ N.W.2d ___

Filed January 25, 2019.    No. S-18-459.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

2. ____: ____. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

3. **Jurisdiction: Time: Notice: Appeal and Error.** Under Neb. Rev. Stat. § 25-1912 (Reissue 2016), to vest an appellate court with jurisdiction, a party must timely file a notice of appeal.

4. **Motions to Vacate: Judgments: Time.** In the absence of an applicable rule to the contrary, a motion asking the court to exercise its inherent power to vacate or modify its own judgment does not terminate the time for taking an appeal.

5. **Motions to Vacate: Final Orders: Time: Notice: Appeal and Error.** A party can move a court to vacate or modify a final order, but if the court does not grant the motion, a notice of appeal must be filed within 30 days of the entry of the earlier final order if the party intends to appeal it.

6. **Pleadings: Judgments: Time: Appeal and Error.** Filing a timely motion to alter or amend a judgment terminates the time in which a notice of appeal must be filed.

7. **Pleadings: Judgments: Time.** In order to qualify for treatment as a motion to alter or amend a judgment, a motion must be filed no later than 10 days after the entry of judgment, as required under Neb. Rev. Stat. § 25-1329 (Reissue 2016), and must seek substantive alteration of the judgment.

8. **Pleadings: Judgments: Time: Appeal and Error.** A timely motion to alter or amend a judgment terminates the time to file an appeal, and the

full 30-day period to appeal begins to run from the entry of the order ruling upon the motion to alter or amend a judgment.

9.  ____: ____: ____: ____. An untimely motion to alter or amend a judgment does not terminate the time for perfection of an appeal and does not extend or suspend the time limit for filing a notice of appeal.

Appeal from the District Court for Sarpy County: Stefanie A. Martinez, Judge. Appeal dismissed.

Aaron C. Wegner, of Husker Law, for appellant.

Heather L. Horst, of Walz Law Offices, P.C., L.L.O., for appellee Bryson L.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

This appeal turns upon a jurisdictional issue. Approximately 10 months after a marital dissolution decree was entered adjudicating paternity of a child, David B. sought to intervene and disestablish paternity. The district court entered a final order denying intervention. David then filed two motions to reconsider, one within 10 days of the final order, and after it was denied because it lacked a notice of hearing, he filed a second motion 11 days after the final order. Because David did not appeal within 30 days after the denial of his first motion to reconsider, which was properly construed as a motion to alter or amend the judgment, we lack jurisdiction of this appeal. The second motion, which was untimely as a motion to alter or amend, did not terminate or extend the time for appeal. We therefore dismiss the appeal.

## BACKGROUND

Approximately 3 months after Izabella L. married Bryson L., she gave birth to a child. In November 2016, the district court approved the parties' property settlement agreement and dissolved the 2-year marriage. The decree awarded Bryson sole

physical custody of the child and ordered that neither party shall pay child support due to Izabella's unemployment and limited income.

In September 2017, David filed a motion to intervene in the dissolution case as an interested party. David alleged that when Izabella was pregnant and engaged to marry Bryson, she "indicated to [David] that he could be the father of the minor child." In light of Izabella's divorce, David obtained genetic testing. The test results, obtained in August, showed David's probability of paternity to be 99.999 percent. Thus, David sought to be included in the dissolution case in order to disestablish Bryson's custodial rights to the child under Neb. Rev. Stat. § 43-1412.01 (Reissue 2016). In October, David filed a motion to set aside the paternity finding within the decree of dissolution. He also requested that the court appoint a guardian ad litem for the child.

Although not in our record, Bryson apparently filed a motion to dismiss David's motions to intervene and to set aside paternity. The district court held a hearing on that motion along with David's motions.

On March 2, 2018, the district court entered an "Opinion and Order." The court observed that the child had lived with Bryson since birth and was now 3 years old. The court found that David failed to act in a timely manner, noting that David had actual knowledge in 2014 that he could be the child's father and took no action to determine paternity until after Bryson and Izabella divorced. The court sustained Bryson's motion to dismiss and denied David's motions to intervene and to set aside paternity.

On March 9, 2018, David filed a "Motion to Vacate/ Reconsider." He asked "for the Court to set this matter for a hearing to reconsider the Opinion and Order entered on March 2, 2018 and to consider the best interests of the minor child at issue, amongst other issues stated herein." On March 13, the court denied the motion "for the procedural error that no Notice of Hearing was filed with the Motion."

Later on March 13, 2018, David filed a second "Motion to Vacate/Reconsider" with a notice of hearing specifying a hearing date. The addition of a notice of hearing and the date on the certificate of service are the only differences between the two motions.

On April 10, 2018, the district court denied David's motion. The court found that the motion should be considered to be one to alter or amend under Neb. Rev. Stat. § 25-1329 (Reissue 2016) and that it was "initially filed timely on March 9, 2018." However, the court found that David's motion lacked merit. On May 8, David filed a notice of appeal.

## ASSIGNMENTS OF ERROR

David assigns four errors, which we consolidate and restate as alleging that the court erred in (1) denying his motions to intervene and to set aside paternity and (2) failing to appoint a guardian ad litem to provide an analysis of the child's best interests.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[1]

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[2] Bryson asserts that we lack appellate jurisdiction, because David's March 13, 2018, motion to vacate/reconsider was not timely filed and did not terminate the running of the time for filing a notice of appeal. We agree.

---

[1] *State on behalf of Marcelo K. & Rycki K. v. Ricky K.*, 300 Neb. 179, 912 N.W.2d 747 (2018).

[2] *Id.*

[3] Under Neb. Rev. Stat. § 25-1912 (Reissue 2016), to vest an appellate court with jurisdiction, a party must timely file a notice of appeal.[3] The notice of appeal must be filed within 30 days of the judgment, decree, or final order from which the party is appealing.[4] Here, the parties do not dispute that the March 2, 2018, order was final and appealable.

[4,5] We begin by considering the effect of David's first filing of a "Motion to Vacate/Reconsider." A motion for reconsideration is nothing more than an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment.[5] In the absence of an applicable rule to the contrary, a motion asking the court to exercise its inherent power to vacate or modify its own judgment does not terminate the time for taking an appeal.[6] A party can move the court to vacate or modify a final order, but if the court does not grant the motion, a notice of appeal must be filed within 30 days of the entry of the earlier final order if the party intends to appeal it.[7] If David's motion should have been treated as one to reconsider or to vacate, the court's denial of the motion meant that he needed to file his notice of appeal within 30 days of the March 2, 2018, order in order to vest jurisdiction in this court.

[6-8] But if David's motion qualified as a motion to alter or amend a judgment, the time in which to file an appeal was effectively extended. That is because filing a timely motion to alter or amend a judgment terminates the time in

---

[3] *Clarke v. First Nat. Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017).

[4] See § 25-1912(1).

[5] *Applied Underwriters v. Oceanside Laundry*, 300 Neb. 333, 912 N.W.2d 912 (2018).

[6] See *In re Change of Name of Whilde*, 298 Neb. 510, 904 N.W.2d 707 (2017).

[7] *Id.*

which a notice of appeal must be filed.[8] In order to qualify for treatment as a motion to alter or amend a judgment, a motion must be filed no later than 10 days after the entry of judgment, as required under § 25-1329, and must seek substantive alteration of the judgment.[9] A timely motion to alter or amend a judgment terminates the time to file an appeal, and the full 30-day period to appeal begins to run from the entry of the order ruling upon the motion to alter or amend a judgment.[10]

David filed his first motion within 10 days of the March 2, 2018, order, and sought substantive alteration of the March 2 order. Thus, the first motion qualified as a motion to alter or amend, thereby terminating the appeal time. But the court denied the first motion on March 13, which started the running of a new 30-day period for appeal.

[9] David's second motion to reconsider was untimely and could not be construed as a motion to alter or amend the judgment. David filed his second motion to vacate or reconsider 11 days after the March 2, 2018, order. An untimely motion to alter or amend does not terminate the time for perfection of an appeal and does not extend or suspend the time limit for filing a notice of appeal.[11] Because that motion was not filed within 10 days, it did not terminate the time for filing an appeal. Thus, the appeal time ran 30 days after the entry of the March 13 order denying his first motion. David's notice of appeal, filed in May 2018, was not timely. We therefore lack jurisdiction over this appeal.

The circumstances of this case provide a cautionary tale for both bar and bench. On March 13, 2018, when David filed his second motion, the 10-day period for filing a motion to alter or

---

[8] See § 25-1912(3).

[9] *State v. Lotter*, 301 Neb. 125, 917 N.W.2d 850 (2018).

[10] See *id.*

[11] See *Fitzgerald v. Fitzgerald*, 286 Neb. 96, 835 N.W.2d 44 (2013).

amend had expired. Thus, unlike his first motion to vacate or reconsider, the second motion could not be treated as a motion to alter or amend a judgment. The second motion was only a motion to reconsider, which, as we explained above, does not extend the time for appeal. Although David did file an appeal of the April 10 order denying his second motion and did so within 30 days after the second motion was denied, the time for appeal had already expired.

The bar should be cognizant of and follow any applicable statutes and rules concerning motions. A statute sets forth that "[w]here notice of a motion is required, it must be in writing and shall state . . . the place where and the day on which it will be heard . . . ."[12] Although we see nothing in the Uniform District Court Rules of Practice and Procedure[13] requiring a notice of hearing at the time of filing a motion, some local district court rules contain such a requirement.[14] We do not find an equivalent requirement in the local rules for the Second Judicial District, which includes Sarpy County.[15]

Where a local rule does require a notice of hearing, it can be crafted to provide some leeway for compliance. For example, a local rule of the 12th Judicial District, which by its terms is applicable only to Scotts Bluff County, states: "If it is impossible to secure a time for hearing, the motion may be filed, but notice of hearing must be furnished promptly thereafter. Failure to secure and serve notice of . . . hearing within 10

---

[12] Neb. Rev. Stat. § 25-910 (Reissue 2016).

[13] Neb. Ct. R. §§ 6-1501 to 6-1526.

[14] See, Rules of Dist. Ct. of First Jud. Dist. 1-9 (rev. 2005); Rules of Dist. Ct. of Third Jud. Dist. 3-2 (rev. 2014); Rules of Dist. Ct. of Fourth Jud. Dist. 4-2 (rev. 2005); Rules of Dist. Ct. of Eighth Jud. Dist. 8-3 (rev. 1995); Rules of Dist. Ct. of Ninth Jud. Dist. 9-11 (rev. 2010); Rules of Dist. Ct. of 10th Jud. Dist. 10-21 (rev. 2010); Rules of Dist. Ct. of 11th Jud. Dist. 11-3 (rev. 2012).

[15] See Rules of Dist. Ct. of Second Jud. Dist. 2-2 and 2-4 (rev. 2018).

days after filing a motion will be deemed an abandonment of the motion."[16]

Because we lack jurisdiction of this appeal, we express no opinion whether the district court erred in overruling David's first motion because it did not include a notice of hearing. Where a notice of hearing is required, we recently explained that a district court has the discretion to excuse that requirement. There, as here, a party timely filed a motion to alter or amend, but the motion did not contain a notice of hearing.[17] In that case, unlike the situation here, the opposing party objected that the district court lacked "jurisdiction" due to noncompliance with a local court rule requiring a party to obtain a hearing date at the time of filing a motion, but the court accepted and ruled upon the merits of the motion. In the context of discussing appellate jurisdiction, this court stated that the "statutory description of the motion to alter or amend does not include any requirement that the motion be accompanied simultaneously by a notice of hearing before the district court."[18] We found no error in the district court's consideration of the motion, noting that "district courts have discretion to excuse procedural court rules."[19]

But what a court cannot do is extend the time for filing an appeal. The district court here denied David's first motion to reconsider—which was timely as a motion to alter or amend the judgment. Upon the entry of that denial order, the new 30-day appeal time began to run. After David filed his second motion to reconsider (outside of the 10-day period), the district court apparently tried to help David by finding that his motion for reconsideration should be considered as a motion to alter or amend and that it "was initially filed timely on March 9,

---

[16] Rules of Dist. Ct. of 12th Jud. Dist. 12-3(A)(1) (rev. 2010).

[17] See *Lombardo v. Sedlacek*, 299 Neb. 400, 908 N.W.2d 630 (2018).

[18] *Id.* at 413, 908 N.W.2d at 641.

[19] *Id.* at 413-14, 908 N.W.2d at 641.

2018." But the court had already denied that March 9 motion. David's March 13 motion was not timely. A successive motion to alter or amend the same judgment does not terminate the time to appeal.[20] As we recently stated: "Allowing an untimely motion to alter or amend would have the effect of extending the time for filing an appeal. But when the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly."[21]

## CONCLUSION

David's second motion to reconsider did not terminate the time for filing an appeal, because it was not filed within 10 days of the final order. Because David did not appeal within 30 days of the overruling of his first motion to reconsider, which was properly construed as a motion to alter or amend, we lack jurisdiction and must dismiss his appeal.

APPEAL DISMISSED.

---

[20] See *Gebhardt v. Gebhardt*, 16 Neb. App. 565, 746 N.W.2d 707 (2008). See, also, *Mason v. Cannon*, 246 Neb. 14, 516 N.W.2d 250 (1994) (time for filing appeal cannot be extended by successive filings of motions for new trial).

[21] *State v. Lotter, supra* note 9, 301 Neb. at 137, 917 N.W.2d at 860.