Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/27/2019 12:06 AM CST

Aubrie Green, appellant, v.
Bryce Seiffert, appellee.
___ N.W.2d ___

Filed October 4, 2019.    No. S-18-1125.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.
2. **Jurisdiction: Time: Notice: Appeal and Error.** Under Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2018), to vest an appellate court with jurisdiction, a party must timely file a notice of appeal.
3. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.

Appeal from the District Court for Scotts Bluff County: Leo P. Dobrovolny, Judge. Appeal dismissed.

Adolfo Daniel Reynaga, of Legal Aid of Nebraska, for appellant.

No appearance for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.
After the district court dismissed Aubrie Green's petition for renewal of a domestic abuse protection order, Green filed a motion asking the court to vacate the order of dismissal. The court denied that motion, and Green filed this appeal. Green

acknowledges that because her notice of appeal was filed more than 30 days after the initial order dismissing the petition and because her motion to vacate did not extend or suspend the statutory deadline for filing an appeal, she did not timely appeal the order dismissing her petition. Green maintains, however, that we have jurisdiction to review the order denying her motion to vacate.

We disagree. While an order denying a motion to vacate or modify is appealable if it is based on grounds that make it independently final and appealable, Green's motion to vacate merely contended that the order she sought to vacate was erroneous. Because we do not have jurisdiction to review the denial of such a motion, we must dismiss the appeal.

## BACKGROUND

*Initial Domestic Abuse Protection*
*Order and Request to Renew.*

On August 31, 2017, Green filed a petition and affidavit requesting a domestic abuse protection order against Bryce Seiffert, the father of her minor child. In the petition and affidavit, Green alleged that Seiffert had abused her physically. The following day, the district court entered an ex parte protection order. Seiffert later challenged the protection order, but, after a hearing, the district court ordered that the protection order should remain in effect for 1 year from the date of its original issuance.

On August 31, 2018, when the original protection order was about to expire, Green filed a petition and affidavit to renew it pursuant to Neb. Rev. Stat. § 42-924 (Reissue 2016), which the Legislature has subsequently amended. See 2019 Neb. Laws, L.B. 532, § 3 (changes operative January 1, 2020). Green was not represented by counsel when she requested renewal, and the petition and affidavit are relatively sparse. Green stated the following as the reasons for seeking renewal of the protection order: "[Pressuring] full custody of [her daughter]. [Afraid] for safety [continues] as the case [continues]. All other reasons on first protection order."

Later in the day on August 31, 2018, the district court entered an order dismissing the petition for renewal of the protection order without a hearing.

*Motion to Vacate.*

On September 27, 2018, Green, now represented by counsel, filed a motion to vacate the order dismissing the petition to renew the protection order. In the motion, Green asked that the order of dismissal be vacated and that the court hold a hearing on her request for renewal of the protection order.

On November 5, 2018, the district court held a hearing on Green's motion to vacate. At that hearing, Green's counsel argued that, based on the allegations in the petition and affidavit seeking renewal of the protection order, the court should have entered a renewed order. Alternatively, counsel contended that the district court was obligated to hold an evidentiary hearing before denying the petition to renew the protection order and that the court should vacate the dismissal and hold a hearing on the petition.

On November 6, 2018, the district court entered a written order denying the motion to vacate. Green filed a notice of appeal on November 29.

## ASSIGNMENT OF ERROR

Green assigns one error on appeal. She contends that the district court erred by not vacating its order dismissing the petition to renew the protection order.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Simms v. Friel*, 302 Neb. 1, 921 N.W.2d 369 (2019).

## ANALYSIS

Before reaching the legal issues presented for review, it is our duty to determine whether we have jurisdiction to decide

them. *Simms, supra*. This is the case regardless of whether the issue is raised by the parties. See *State v. Uhing*, 301 Neb. 768, 919 N.W.2d 909 (2018). We find it necessary to exercise that duty here.

[2] Under Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2018), to vest an appellate court with jurisdiction, a party must timely file a notice of appeal. *Bryson L. v. Izabella L.*, 302 Neb. 145, 921 N.W.2d 829 (2019). The notice of appeal must be filed within 30 days of the judgment, decree, or final order from which the party is appealing unless that time is terminated by the filing of a qualifying motion. See *id.*

Green does not dispute that the district court's August 31, 2018, order dismissing the petition requesting a renewed protection order was final and appealable. She also acknowledges that because her motion to vacate was filed more than 10 days after the order dismissing her petition, it does not qualify as a motion to alter or amend a judgment, which would have terminated the time in which a notice of appeal must be filed. See *id.* Having made these concessions, Green is also forced to concede that she did not timely appeal the order dismissing her petition.

While Green admits that she failed to timely appeal the order dismissing her petition, she maintains that we have jurisdiction to review her case by another means. She asserts that we may review the order denying her motion to vacate. She contends that she timely filed a notice of appeal within 30 days of that order and that such orders are appealable. Green argued in her initial brief on appeal that our opinion in *Capitol Construction v. Skinner*, 279 Neb. 419, 778 N.W.2d 721 (2010), *overruled on other grounds, McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019), holds that orders denying a motion to vacate or modify a final order affect a substantial right upon a summary application in an action after judgment and are thus appealable under § 25-1902.

In *Capitol Construction*, a defendant appealed a decision from the county court to the district court. The district court

dismissed the appeal when the defendant did not reply to a progression letter from the court. The defendant later filed a motion to reinstate, contending that the court did not send the progression letter to its appellate counsel. The district court denied the motion to reinstate, and the defendant appealed to the Nebraska Court of Appeals. On petition for further review, we held that while the Court of Appeals did not have jurisdiction to consider the merits of the order of dismissal because the defendant did not timely appeal, the Court of Appeals did have jurisdiction to review the denial of the motion to reinstate. Green's initial brief contended that the order denying her motion to vacate is reviewable for the same reasons the denial of the motion to reinstate was appealable in *Capitol Construction*.

After the filing of Green's initial brief, however, we had occasion in *McEwen, supra*, to address essentially the same argument regarding the scope of *Capitol Construction*. In *McEwen*, the appellant argued that even if we lacked jurisdiction to review a district court order denying his petition in error because it was not timely appealed, we nonetheless had appellate jurisdiction to review a subsequent denial of a motion to vacate that order under *Capitol Construction*. We disagreed.

We explained in *McEwen* that in *Capitol Construction*, our finding that an order denying a motion to vacate or modify was appealable was predicated on the conclusion that the order was "'independently final and appealable and the merits of that order [were] the issue raised on appeal.'" 303 Neb. at 560, 931 N.W.2d at 127, quoting *Capitol Construction, supra*. We pointed out that unlike the motion to reinstate and subsequent appeal in *Capitol Construction*, the motion to vacate and subsequent appeal in *McEwen* did not introduce an "intervening new matter" and instead merely contended that the initial order rejecting plaintiff's claims was erroneous. 303 Neb. at 561, 931 N.W.2d at 128.

After the release of our opinion in *McEwen*, we issued an order to show cause, directing Green to address whether her

appeal should be dismissed in light of *McEwen*. Green submitted a supplemental brief in response to the order to show cause. In it, she makes three arguments. First, she contends that her case is distinguishable from *McEwen* because she is challenging the district court's denial of her motion to vacate, as opposed to the initial order dismissing her petition. Second, she argues that we should review the denial of her motion to vacate for reasons of judicial efficiency. And finally, she argues that we should review the denial of the motion to vacate because the district court's order dismissing her petition for a protection order was void. We take up these arguments in turn, but, as we will explain, we find each unpersuasive.

We begin with Green's argument that her case is distinguishable from *McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019), because she is challenging the denial of her motion to vacate and not the order dismissing her petition. While Green attempts to frame her arguments as a challenge to only the denial of her motion to vacate, the reason she offers for why vacation was required is that the district court acted contrary to law when it denied her petition without first providing the opportunity for a hearing. In other words, Green contends that the district court should have granted her motion to vacate its initial decision because that decision was erroneous. So while Green is framing her argument as challenging the denial of the motion to vacate, Green is, in fact, contending that the order she failed to timely appeal was incorrect. Like the appellant in *McEwen* and unlike the appellant in *Capitol Construction v. Skinner*, 279 Neb. 419, 778 N.W.2d 721 (2010), she has not identified any reason why the order denying her motion to vacate was "independently final and appealable." 303 Neb. at 561, 931 N.W.2d at 128.

Neither are we moved by Green's invocation of judicial efficiency as a basis for appellate jurisdiction. Here, Green contends that it is more efficient if litigants in her position can ask the district court to reconsider its decision without potentially compromising a future appeal. We find Green's

argument is misplaced for multiple reasons. First, appellate jurisdiction exists only when conferred by the Legislature; it is not controlled by our notions of what might promote judicial efficiency. See, e.g., *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017). Second, even if addressed on its own terms, Green's argument that a finding of no jurisdiction in this case would force litigants to choose between a request for reconsideration in the district court and an appeal is simply incorrect. As noted above, a timely filed motion to alter or amend terminates the time in which a notice of appeal must be filed and thus parties may use such motions to seek alteration of a final order or judgment in the trial court without concern that their time to appeal will expire in the process. Green failed to file such a motion in this case.

[3] Finally, we disagree with Green's contention that we have the power to vacate the district court's order dismissing her petition because it was somehow void. While we understand Green's position that the order dismissing her petition was erroneous, we see no basis to conclude that the district court lacked the authority to enter it. Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *D.W. v. A.G.*, 303 Neb. 42, 926 N.W.2d 651 (2019). The district court plainly had authority to hear and determine requests for the renewal of domestic abuse protection orders, a fact Green understood when she filed her petition in that court.

## CONCLUSION

Because we conclude we lack appellate jurisdiction, we dismiss the appeal.

APPEAL DISMISSED.