IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. ROGERS


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

NICHOLAS A. ROGERS, APPELLANT.


Filed January 28, 2020.    No. A-19-483.


Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, Judge. Appeal dismissed.

Thomas P. Strigenz, Sarpy County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.


PIRTLE, RIEDMANN, and WELCH, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Nicholas A. Rogers appeals from the Sarpy County District Court's denial of his motion to vacate the court's order modifying the terms of his postrelease supervision. For the reasons stated below, we find we do not have jurisdiction over his appeal and, therefore, dismiss Rogers' appeal.

### BACKGROUND

In July 2018, Rogers pled guilty to one count of tampering with a witness, informant, or juror, a Class IV felony, in the district court. In November 2018, Rogers was sentenced to 2 years' imprisonment and 12 months' postrelease supervision. On March 27 2019, prior to Rogers' release from prison, his probation officer filed an application to modify the terms of his postrelease supervision, seeking to add that Rogers must enroll in and successfully complete a batterer's intervention program and have no contact with the victim. On the same day, the court accepted the

- 1 -

modification and included the terms in Rogers' postrelease supervision order. A hearing was not held prior to the court's adoption of the additional terms.

A hearing was scheduled on the court's modification of Rogers' postrelease supervision in April 2019; however, it was continued on the court's own motion until May 21. At the hearing, Rogers was appointed counsel and made an oral motion to vacate the court's order modifying the terms of his postrelease supervision. Rogers asserted that due process was not followed prior to the court's modification of his postrelease supervision in that there was not a hearing held on the application to modify his postrelease supervision. The court denied Rogers' motion. On May 22, Rogers appealed from the court's denial of his motion to vacate its order modifying the terms of his postrelease supervision.

## ASSIGNMENT OF ERROR

Rogers assigns, restated, that the district court erred by adding a condition to his postrelease supervision without holding a hearing or allowing him to contest the alteration.

## STANDARD OF REVIEW

A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Green v. Seiffert*, 304 Neb. 212, 933 N.W.2d 590 (2019).

The determination of whether the procedures afforded an individual comport with the constitutional requirements for procedural due process presents a question of law. *State v. Shambley*, 281 Neb. 317, 795 N.W.2d 884 (2011).

## ANALYSIS

Rogers appeals from the district court's order of May 21, 2019, denying his oral motion to vacate the court's March 27 modification of the terms of his postrelease supervision. Rogers contends that the district court's March 27 order violated his due process rights and that the court did not follow statutory procedures in its modification. However, Rogers did not appeal from the court's March 27 modification order; rather, he appeals from the court's denial of his motion to vacate its modification order.

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction to decide the matter before it. *State v. McClorey*, 297 Neb. 53, 898 N.W.2d 349 (2017). Under Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2018), to vest an appellate court with jurisdiction, a party must timely file a notice of appeal. *Green v. Seiffert, supra*. A motion for reconsideration does not terminate the time for appeal and is considered nothing more than an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment. *State v. Lotter*, 301 Neb. 125, 917 N.W.2d 850 (2018). A party can move the court to vacate or modify a final order, but if the court does not grant the motion, a notice of appeal must be filed within 30 days of the entry of the earlier final order if the party intends to appeal it. *Bryson L. v. Izabella L.*, 302 Neb. 145, 921 N.W.2d 829 (2019).

There is no dispute that the court's order modifying Rogers' postrelease supervision was a final order. See *State v. Paulsen*, 304 Neb. 21, 932 N.W.2d 849 (2019). Likewise, there is no

dispute that Rogers did not timely file a notice of appeal following the court's modification order. The modification order was entered on March 27, 2019, and the notice of appeal was filed on May 22. Thus, the only order that Rogers can appeal is the court's order denying his oral motion to vacate the modification order.

The Nebraska Supreme Court addressed a similar situation in *Green v. Seiffert, supra*. In that case, the district court entered an order dismissing the appellant's petition for renewal of a protection order. *Id*. The appellant then filed a motion to vacate the district court's order, which the court denied. *Id*. The appellant then appealed from the district court's denial of her motion to vacate. *Id*. However, the reasons the appellant offered as to why her motion should have been granted was that the initial decision was erroneous, a decision which she failed to timely appeal. *Id*. The Supreme Court dismissed her appeal, finding that it lacked jurisdiction because the initial decision was not timely appealed. *Id*.

Similarly, in the present case, Rogers failed to timely appeal the district court's modification of his postrelease supervision. He now timely appeals the court's denial of his motion to vacate, but does so only on the grounds that the modification order was erroneous. Accordingly, following *Green v. Seiffert, supra*, we do not have jurisdiction and, therefore, dismiss Rogers' appeal.

## CONCLUSION

Because we lack appellate jurisdiction, we dismiss the appeal.

APPEAL DISMISSED.