Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/02/2022 09:07 AM CDT

Laura A. Kingston, appellant and
cross-appellee, v. Trevor L. Kingston,
appellee and cross-appellant.

___ N.W.2d ___

Filed July 26, 2022.    No. A-21-582.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

2. \_\_\_\_: \_\_\_\_. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

3. **Constitutional Law: Statutes: Jurisdiction: Time: Appeal and Error.** An appellate court does not acquire jurisdiction over an appeal if a party fails to properly perfect it. The appellate jurisdiction of a court is contingent upon timely compliance with constitutional or statutory methods of appeal.

4. **Jurisdiction: Time: Appeal and Error.** To perfect an appeal, Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2020) requires that a notice of appeal be filed within 30 days after the entry of such judgment, decree, or final order appealed from. The timely filing of a notice of appeal is a jurisdictional requirement.

5. **Pleadings: Judgments: Time.** A determination as to whether a motion, however titled, should be deemed a motion to alter or amend a judgment depends upon the contents of the motion, not its title. In order to qualify for treatment as a motion to alter or amend a judgment, a motion must be filed no later than 10 days after the entry of judgment, as required under Neb. Rev. Stat. § 25-1329 (Reissue 2016), and must seek substantive alteration of the judgment.

Appeal from the District Court for Douglas County: Timothy P. Burns, Judge. Appeal dismissed.

Benjamin M. Belmont and Wm. Oliver Jenkins, of Brodkey, Cuddigan, Peebles, Belmont & Line, L.L.P., for appellant.

Adam R. Little and Hannah C. Sommers, of Nebraska Legal Group, for appellee.

PIRTLE, Chief Judge, and BISHOP and WELCH, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

This appeal pertains to a decree of dissolution entered by the district court for Douglas County dissolving the marriage of Trevor L. Kingston and Laura A. Kingston and dividing the marital estate. Laura appeals, raising six assignments of error, and Trevor cross-appeals, raising five assignments of error. For the reasons that follow, we dismiss the appeal and cross-appeal for lack of appellate jurisdiction.

## BACKGROUND

Following a contentious 4-day dissolution trial, the district court entered a decree of dissolution on May 27, 2021. Thereafter, on June 3, Laura filed a motion to alter or amend or, in the alternative, a motion for new trial, alleging a number of errors in the May 27 decree. On June 4, Trevor filed a motion for order nunc pro tunc, seeking clarification with regard to his obligation to carry health insurance for Laura. After a hearing on the motions, the court entered a June 14 order overruling Laura's motion for new trial but sustaining in part her motion to alter or amend. Specifically, the court amended the May 27 decree to include $100,552 of Laura's student loan debt as marital debt, replacing the $25,000 originally included in the decree. The court also sustained Trevor's motion for order nunc pro tunc, which the court treated as a motion to alter or amend.

On June 21, 2021, Trevor filed a motion styled a "Motion to Reconsider," seeking various forms of relief in the alternative, all of which were directly related to the court's June 14

order substantially increasing the amount of Laura's student loan debt, which was classified as marital debt. Trevor's motion was set for hearing on July 29; however, on July 13, Laura filed a notice of appeal from the May 27 decree and June 14 order. The primary dispute at the July 29 hearing was whether the district court had jurisdiction to hear the motion in light of Laura's notice of appeal. On July 30, the court entered an order finding that the motion "should be denied because the Court no longer has jurisdiction of this matter because [Laura] filed an appeal on July 13, 2021." Neither party filed a notice of appeal following the court's July 30 order resolving Trevor's motion.

## ASSIGNMENTS OF ERROR

Laura assigns that the district court erred in (1) ordering joint physical custody; (2) denying alimony; (3) failing to include income from all sources when calculating child support; (4) excluding retention shares, dividends, and appreciation of investment accounts from the marital estate; (5) failing to apply the time rule to premarital retention shares; and (6) determining that the appreciation of various investment accounts was passive.

On cross-appeal, Trevor assigns that the district court erred in (1) including a portion of Laura's personal student loan debt in the marital estate, (2) granting in part Laura's motion to alter or amend, (3) denying Trevor an opportunity to be heard on his motion to reconsider, (4) failing to make reimbursement of work- and education-related childcare expenses reciprocal, and (5) ordering Trevor to pay $10,000 toward Laura's attorney fees.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Bryson L. v. Izabella L.*, 302 Neb. 145, 921 N.W.2d 829 (2019).

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Id.* Prior to oral argument in this case, both parties were instructed to prepare arguments on the jurisdictional issue. Counsel for Laura conceded that whether this court has jurisdiction to hear the case depends on whether Trevor's June 21, 2021, motion to reconsider qualifies as a timely motion to alter or amend terminating the time for appeal under Neb. Rev. Stat. § 25-1912(3) (Cum. Supp. 2020). Counsel for Trevor argued that the June 21 motion does qualify as a timely motion to alter or amend, such that Laura's July 13 notice of appeal was ineffective because it was filed prior to the district court's July 30 order resolving Trevor's motion. We agree.

[3,4] An appellate court does not acquire jurisdiction over an appeal if a party fails to properly perfect it. *In re Interest of Luz P. et al.*, 295 Neb. 814, 891 N.W.2d 651 (2017). The appellate jurisdiction of a court is contingent upon timely compliance with constitutional or statutory methods of appeal. *Id.* To perfect an appeal, § 25-1912(1) requires that a notice of appeal be filed "'within thirty days after the entry of such judgment, decree, or final order'" appealed from. *In re Interest of Luz P. et al.*, 295 Neb. at 824, 891 N.W.2d at 659. We have held that the timely filing of a notice of appeal is a jurisdictional requirement. *Id.*

Under § 25-1912(3),

[t]he running of the time for filing a notice of appeal shall be terminated as to all parties (a) by a timely motion for new trial . . . (b) by a timely motion to alter or amend a judgment . . . or (c) by a timely motion to set aside the verdict or judgment . . . and the full time for appeal fixed by subsection (1) of this section commences to run from the entry of the order ruling upon the motion filed pursuant to subdivision (a), (b), or (c) of this subsection. When any motion terminating the time for filing a

notice of appeal is timely filed by any party, a notice of appeal filed before the court announces its decision upon the terminating motion shall have no effect, whether filed before or after the timely filing of the terminating motion. A new notice of appeal shall be filed within the prescribed time after the entry of the order ruling on the motion.

In this case, there were two terminating motions filed in quick succession within 10 days of the entry of the initial May 27, 2021, decree: (1) Laura's motion to alter or amend or, in the alternative, a motion for new trial; and (2) Trevor's motion for order nunc pro tunc, which sought substantive alteration of the judgment and was treated as a motion to alter or amend. Thus, the time for filing an appeal from the May 27 decree was terminated and commenced again following the entry of the court's June 14 order resolving those motions. The central jurisdictional question in this case is the effect of Trevor's subsequent motion to reconsider filed on June 21, which was 7 days after the entry of the June 14 order. If Trevor's motion qualifies as a timely motion to alter or amend that order, then the time for appeal was again terminated and recommenced following the court's resolution of that motion on July 30. See *Crawford v. Crawford*, 18 Neb. App. 890, 896, 794 N.W.2d 198, 203 (2011) (trial court's order substantively altering initial decree created "new judgment" subject to statutory right to seek timely alteration or amendment thereof).

[5] A determination as to whether a motion, however titled, should be deemed a motion to alter or amend a judgment depends upon the contents of the motion, not its title. *McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019). In order to qualify for treatment as a motion to alter or amend a judgment, a motion must be filed no later than 10 days after the entry of judgment, as required under Neb. Rev. Stat. § 25-1329 (Reissue 2016), and must seek substantive alteration of the judgment. See *McEwen v. Nebraska State College Sys., supra.* The Nebraska Supreme Court reaffirmed

that a motion to reconsider may be treated as a motion to alter or amend so long as it is timely filed and seeks substantive alteration of a judgment. See *Bryson L. v. Izabella L.*, 302 Neb. 145, 921 N.W.2d 829 (2019).

In this case, Trevor's motion to reconsider requested various forms of relief in the alternative, all of which sought substantive alteration of the June 14, 2021, order with regard to the court's handling of Laura's student loan debt. Furthermore, the motion was timely filed within 10 days of the entry of the June 14 order. Thus, Trevor's motion constitutes the functional equivalent of a motion to alter or amend that was filed within 10 days of a judgment and thus terminated the time to file an appeal. Accordingly, Laura's July 13 notice of appeal, filed before the court resolved Trevor's motion, was ineffective. See, § 25-1912(3); *State v. Blair*, 14 Neb. App. 190, 707 N.W.2d 8 (2005). Because neither party filed a new notice of appeal within 30 days of the court's July 30 order resolving Trevor's motion, this court is without jurisdiction to consider the issues raised by both parties in this appeal.

## CONCLUSION

We conclude that Trevor's June 21, 2021, motion to reconsider qualified as a timely motion to alter or amend terminating the time for appeal until resolution of that motion on July 30. Accordingly, Laura's July 13 notice of appeal was ineffective, as the judgments appealed from were not final and appealable at that time. Without a timely, effective notice of appeal from a final, appealable judgment, this court is without jurisdiction to consider the issues raised by both parties in this appeal. As a result, the appeal and the cross-appeal are dismissed.

APPEAL DISMISSED.