IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

WORKMAN V. HORNADY MFG. CO.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

KIRA WORKMAN, APPELLANT, AND ESSENTIAL
PERSONNEL, INC., ET AL., APPELLEES,

v.

HORNADY MANUFACTURING COMPANY AND
JAMES WASHINGTON, APPELLEES.

Filed November 21, 2023.    No. A-23-183.

Appeal from the District Court for Hall County: PATRICK M. LEE, Judge. Affirmed.

Matthew A. Lathrop for appellant.

Nathan D. Clark and Sydney M. Huss, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellees, Hornady Manufacturing Company and James Washington.

PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

ARTERBURN, Judge.

### INTRODUCTION

Kira Workman appeals an order of the Hall County District Court granting summary judgment to Hornady Manufacturing Company and to one of its employees, James Washington (collectively referred to as Hornady). After suffering an injury while employed by Essential Personnel, Inc., a staffing agency, and working at Hornady's facility, Workman brought this suit alleging that Hornady is liable for her injuries pursuant to general negligence theories of liability. However, previously, Workman was awarded workers' compensation benefits from Essential Personnel as a result of her workplace accident at Hornady. The district court granted summary judgment to Hornady and Washington, finding that it lacked subject matter jurisdiction over Workman's claims due to the exclusivity provisions of the Nebraska Workers' Compensation Act.

- 1 -

On appeal, Workman challenges the district court's granting of summary judgment when it had previously denied a similar motion. She also challenges the district court's decision to overrule her motion to continue the summary judgment proceedings so that she could conduct further discovery. Based upon the reasons set forth herein, we affirm the order of the district court.

BACKGROUND

At all times relevant herein, Workman was employed by Essential Personnel, a staffing company. Essential Personnel entered into an agreement with Hornady that it would provide qualified workers to Hornady when Hornady required additional help. As a part of this agreement, Essential Personnel agreed to pay its employees' wages and benefits and to "handle" workers' compensation claims involving its employees.

Through her employment with Essential Personnel, Workman was given the opportunity to work at Hornady on two separate occasions: first in 2015 and again beginning in November 2016 through July 2020. Workman voluntarily accepted this opportunity on both occasions. On November 1, 2017, Workman was working at Hornady operating a forklift when the forklift tipped and she was injured.

Following the November 1, 2017, accident, Workman made a workers' compensation claim and accepted payments from Essential Personnel. Such payments included payment of her medical bills and reimbursement for lost wages when she was unable to work as a result of her injuries. Ultimately, Workman and Essential Personnel entered into a stipulation, filed in the Nebraska Workers' Compensation Court, which provided that Essential Personnel agreed that Workman was permanently and totally disabled as a result of the injuries she suffered in the November 1 accident. As part of this stipulation, Workman agreed that she "was employed by Essential Personnel on November 1, 2017, and on said date sustained injuries in an accident within the course and scope of her employment."

Within the stipulation, the parties agreed that Essential Personnel had "paid [permanent and total disability] benefits [to Workman since March 4, 2020], and will continue to pay permanent total disability benefits from the date of this stipulation, and continuing into the future for so long as [Workman] remains totally disabled." Additionally, Essential Personnel had paid all of Workman's outstanding medical bills and agreed to pay for any and all future medical care and treatment as may be reasonably necessary as a result of the November 1, 2017, accident.

After entering into this stipulation with Essential Personnel for workers' compensation benefits, Workman filed an action against Hornady and Washington in the Douglas County District Court. In her complaint, she alleged that she "was an Essential Personnel Assigned Employee at Hornady on November 1, 2017, when she was injured while operating a standup forklift." Workman alleged that the accident was caused by Hornady's negligence in that it failed to properly supervise her, failed to provide her with appropriate training, failed to provide a safe work site, and failed to warn her about known hazards. Workman further alleged that Washington, who was her team leader, was also negligent in failing to properly supervise her. Workman requested that she be compensated for her injuries, including economic and non-economic damages. Subsequent to filing her complaint, Workman motioned to transfer venue of the proceedings to Hall County, where the accident occurred. Such motion was granted and the proceedings were transferred.

In May 2021, Hornady filed a motion to dismiss Workman's complaint for lack of subject matter jurisdiction and for failure to state a viable claim. In the motion, Hornady alleged:

"[T]he Nebraska Workers' Compensation Act is an employee's exclusive remedy against an employer for an injury arising out of and in the course of employment." *Kaiser v. Millard Lumber, Inc.*, 255 Neb. 943, 948, 587 N.W.2d 875, 880 (1999). [Workman's] Complaint and the pleaded facts establish that [her] exclusive remedy rests within the Nebraska Workers' Compensation Act because the alleged injuries arose out of, and occurred in the course of, Ms. Workman's work at Hornady Manufacturing.

The district court entered an order on July 15, 2021, overruling Hornady's motion to dismiss. The court found that it had subject matter jurisdiction to determine the question of whether or not Workman was an employee of both Essential Personnel and Hornady at the time of the November 1, 2017, accident. It also found that Workman pled sufficient facts in her complaint to state a viable claim. The court explained that the "questions of fact must be decided either on a Motion for Summary Judgment or at trial on the merits."

Hornady filed its answer to Workman's complaint on August 4, 2021. Therein, Hornady indicated that at the time of the forklift accident on November 1, 2017, Workman was employed by Essential Personnel and was assigned to work at Hornady. Hornady affirmatively alleged that Workman's negligence claims against it were barred by the exclusive remedy doctrine of the Workers' Compensation Act. It also alleged that Workman's injuries were caused, at least in part, by her own negligence.

In June 2022, Hornady filed a motion to reconsider the previously denied motion to dismiss, or in the alternative, a motion for summary judgment. In the motion, Hornady asked the district court to reconsider its prior ruling that it had subject matter jurisdiction to determine whether Workman was an employee of both Essential Personnel and Hornady at the time of the accident. Hornady asserted that case law indicates that, despite Workman's precise employment relationship with Hornady, an employee cannot normally maintain a negligence suit against an employer regarding an injury arising out of and in the course of employment because the employee's sole remedy is a claim for workers' compensation. Hornady reasserted that the district court did not have subject matter jurisdiction over Workman's complaint. Hornady's motion also alleged, "Alternatively, [Hornady] hereby moves for summary judgment" because there is no genuine dispute as to any material fact and Hornady is entitled to judgment as a matter of law.

The district court scheduled a hearing on Hornady's motion for September 1, 2022. The order for hearing indicated that it was only a hearing on the motion to dismiss, "NOT a hearing on the Motion for Summary Judgment."

After the September 1, 2022 hearing, the district court entered an order denying Hornady's renewed motion to dismiss. At the end of the order, the court stated as follows:

For purposes of clarity, regarding [Hornady's] alternative request for summary judgment relief, the Court notes [Hornady's] alternative request for relief failed to comply with Neb Ct. R. § 6-1526 as [Hornady] did not file simultaneously with the request for summary judgment an evidence index in support or an annotated statement of undisputed facts. Therefore, pursuant to court rule, [Hornady's] request for alternative relief in the form of

summary judgment as currently filed, is denied for failure to submit the required statement. [Hornady] is free to file a confirming [sic] motion for summary judgment if they so desire.

On January 11, 2023, Hornady filed a second motion for summary judgment. Hornady explained, "The basis for this motion is that the Exclusive Remedy Doctrine bars the action." Simultaneous with its filing of the motion for summary judgment, Hornady also filed a statement of undisputed facts, a brief in support of the motion, and an index of evidence in support of the motion. Hornady's statement of undisputed facts stated, among other things, that on November 1, 2017, "Workman was a 'loaned employee' . . . working at Hornady's facility and doing their work, but 'on loan,' with her assent, to Hornady from Essential Personnel." Hornady also asserted:

13. Essential had no control over the tasks Workman performed at Hornady. Hornady was responsible for designating the tasks/work she would perform.

14. The forklift work done by [Workman] on the date of the Accident was Hornady's work.

15. Hornady exercised the right to control the details of what work would be done, how it was [t]o be done, the numbers [sic] of hours [Workman] would work on a given day or week, the time when she was to report to work, and the number and lengths of breaks to take.

The district court entered a progression order on January 12, 2023, the day after Hornady filed its motion for summary judgment. The order required Workman to file, within 14 days, an annotated statement of disputed facts, a brief in opposition to the summary judgment motion, and an evidence index. A hearing on the motion for summary judgment was set for February 1, 2023.

Workman did not file an annotated statement of disputed facts, a brief in opposition to the summary judgment motion, or an evidence index. Instead, on January 26, 2023, approximately one week before the scheduled hearing, Workman filed an objection and motion to continue the summary judgment hearing. Workman alleged that discovery had not yet been completed and that, as such, she would be unfairly prejudiced if the motion for summary judgment was heard on February 1. Specifically, Workman asserted that she wished to depose corporate witnesses for both Hornady and Essential Personnel in order to uncover further information regarding the employment status of Workman; the interpretation and application of the agreement between Essential Personnel and Hornady; and which company had the right to control the workplace.

At the February 1, 2023, hearing, the district court first addressed Workman's motion to continue. Workman offered and the court received several exhibits as evidence in support of her motion. The exhibits included an affidavit of her attorney, an email dated August 24, from her attorney to counsel for Hornady and Essential Personnel, and copies of unsigned notices for deposition that were attached to the email. The district court also received three exhibits offered by Hornady in opposition to Workman's motion and in support of its motion for summary judgment. These exhibits included affidavits of a Hornady employee and Hornady's attorney along with Hornady's responses to written discovery requests initiated by Workman. Also included were copies of Workman's petition filed in the compensation court, the stipulation for entry of award, and the actual award filed therein. At the hearing, Hornady argued that not only had there been ample opportunity for Workman to conduct discovery, but also that no further discovery needed

- 4 -

to be completed for the district court to determine whether the exclusive remedy doctrine barred Workman's action. As such, Hornady asserted that the motion to continue should be denied. The district court agreed, stating, "the Court believes that a continuance would not lead to relevant information that is likely to change the determination of whether or not, as a matter of law, the exclusive remedy doctrine is implicated, so the Court will deny the request for a continuance."

The district court next addressed Hornady's motion for summary judgment. It accepted evidence, in the form of affidavits, from Hornady. Workman offered no evidence in opposition to the motion. In a subsequently entered order, the district court granted Hornady's motion for summary judgment. The court explained,

> Applying the Staffing Agreement to the present case, there is no dispute that Workman was an employee of Essential assigned to Hornady at the time she was injured. Workman admits this fact both in her complaint in this matter, as well as in the petition filed on her behalf in the Nebraska Workers' Compensation Court.

The court went on to find that Workman's injury arose out of and in the course of her employment with Essential Personnel and Hornady and that, as a result, her negligence action was barred by the exclusive remedy doctrine of the Workers' Compensation Act.

Workman appeals the district court's decision here.

ASSIGNMENTS OF ERROR

On appeal, Workman alleges that the district court erred in granting Hornady's January 2023 motion for summary judgment without first vacating or reversing the denial of Hornady's prior motion for summary judgment. Workman also alleges that the district court erred in denying her motion to continue the summary judgment proceedings to allow her to conduct further discovery.

STANDARD OF REVIEW

An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Dutcher v. Nebraska Dept. of Corr. Servs.*, 312 Neb. 405, 979 N.W.2d 245 (2022).

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id*.

A court's grant or denial of a continuance of a hearing on a motion for summary judgment to conduct additional discovery is within the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. See *Lombardo v. Sedlacek*, 299 Neb. 400, 908 N.W.2d 630 (2018). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

ANALYSIS

In her brief on appeal, Workman challenges the district court's decision to grant Hornady's motion for summary judgment. However, Workman does not allege that the substantive merits of the district court's decision were wrongly decided. Instead, she raises two procedural issues. First, Workman alleges that the district court could not enter summary judgment in Hornady's favor without first explicitly reversing or vacating its prior decision to deny Hornady summary judgment. We find Workman's procedural challenge to be without merit.

We first note that at the February 1, 2023 hearing, Workman did not assert that the district court lacked the ability to rule on Hornady's January 2023 motion for summary judgment without first vacating or reversing its denial of Hornady's June 2022 motion for summary judgment. Generally, an appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. See *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016).

Assuming without deciding that this issue is properly before us, we can find no authority, and Workman points us to no such authority, which suggests that a district court cannot grant a motion for summary judgment after previously denying a similar motion. Workman's argument that a district court has to explicitly reverse or vacate a prior order of summary judgment is particularly confounding where Hornady's summary judgment motion raised an issue which would affect the district court's subject matter jurisdiction. See *Ihm v. Crawford & Co.*, 254 Neb. 818, 580 N.W.2d 115 (1998). Specifically, the motion raised the issue of whether the exclusivity doctrine of the Workers' Compensation Act barred Workman's action in the district court. Lack of subject matter jurisdiction can be raised at any time by any party or by the court sua sponte. See *Parish v. Parish*, 314 Neb. 370, 991 N.W.2d 1 (2023). Moreover, the district court's denial of Hornady's first motion for summary judgment filed in June 2022, indicated that such denial was based on Hornady's failure to comply with court rules by filing necessary accompanying documentation to its motion. The court specifically invited Hornady to refile the motion for summary judgment with the accompanying documentation. As such, Workman was on notice that a second motion for summary judgment was, more than likely, going to be filed. Workman was given ample opportunity to respond to the second motion for summary judgment filed in January 2023, and in fact, did raise its objections to the motion to the district court at the February 1 hearing.

We can find no error in the district court's failure to expressly vacate or reverse its prior order denying Hornady's first motion for summary judgment on procedural grounds before granting Hornady's second motion for summary judgment.

Workman next asserts that the district court should have granted her motion to continue the hearing on the motion for summary judgment in order to permit her time to conduct further discovery. The district court denied Workman's motion after finding that further discovery "would not lead to relevant information that is likely to change the determination of whether or not, as a matter of law, the exclusive remedy doctrine is implicated." Upon our review, we find no abuse of discretion in the district court's denial of Workman's motion to continue. Our analysis begins with a review of the exclusive remedy doctrine found in the Workers' Compensation Act.

The Workers' Compensation Act is an employee's exclusive remedy against an employer for an injury arising out of and in the course of employment. *Daniels v. Pamida, Inc.*, 251 Neb.

921, 561 N.W.2d 568 (1997). When a general employer, like a labor broker or staffing agency, loans an employee to another for the performance of some special service, then that employee may become the employee of the party to whom his services have been loaned. See *id*. If such is the case, then the employee is simultaneously the employee of both the labor broker and the party to whom his services were loaned, and thus workers' compensation would be the sole remedy for the employee as to either employer. *Kaiser v. Millard Lumber, Inc.*, 255 Neb. 943, 587 N.W.2d 875 (1999). The Nebraska Supreme Court has developed a test for determining whether one is an employer within the meaning of the Workers' Compensation Act as follows:

> When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if:
> (a) the employee has made a contract of hire, express or implied, with the special employer;
> (b) the work being done is essentially that of the special employer;
> (c) the special employer has the right to control the details of the work.

*Daniels v. Pamida, Inc.*, 251 Neb. at 928, 561 N.W.2d at 572. When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workers' compensation. *Kaiser v. Millard Lumber, Inc., supra.*

In this case, Hornady alleged in its motion for summary judgment that it was an employer of Workman at the time of her accident such that Workman's negligence action against Hornady and Washington was prohibited by the exclusivity doctrine. Workman requested a motion to continue the summary judgment hearing to conduct more discovery; however, the district court found that based upon the pleadings and the admitted evidence in opposition to the motion for continuance, that no amount of further discovery would create a genuine issue of material fact as to Workman's employment status with Hornady. Essentially, the district court found that Workman was clearly an employee of both Essential Personnel and Hornady at the time of her accident and that, as a result, she was prohibited from raising a negligence claim against Hornady. In determining whether the district court abused its discretion in denying Workman's motion to continue, we review the contents of our record and what it demonstrates regarding Workman's employment status.

In the petition Workman filed against Essential Personnel in the compensation court, she alleged that her November 1, 2017, accident arose out of and in the course of her employment, while working at Hornady's facility. Similarly, in her complaint against Hornady and Washington filed in the district court, Workman affirmatively alleged that at the time of the November 1 accident, she was employed by Essential Personnel and was assigned to work at Hornady. Workman's negligence claims against Hornady and Washington as delineated in her complaint indicate that Hornady directed Workman to operate the forklift on the day of the accident and that Hornady was responsible for training and instructing Workman regarding how to use such machinery.

In conformity with its statement of undisputed facts, Hornady offered evidence which indicated that Workman agreed to work at Hornady's facility and that "[s]he retained the right to refuse any assignment Essential made available to her, meaning she had the right to decline, quit or refuse the proposed assignment with Hornady." Also in conformity with the statement of

undisputed facts, there was evidence that Hornady intended to consider Workman as its employee during her time at the facility. An employee of Hornady, indicated in her affidavit that Workman attended Hornady's new hire orientation and training and was provided with specific training about her duties while working for Hornady. Such affidavit also indicates that Hornady controlled what work would be done by Workman while she was assigned to the facility. Workman "clocked" in and out at Hornady whenever she reported to or left Hornady's facility.

Notably, once the motion to continue was overruled and the hearing proceeded to the summary judgment motion, Workman did not offer any evidence, including her own affidavit, to contradict the evidence offered by Hornady. Presumably, Workman had detailed knowledge of the nature of her employment status with Hornady, and of Hornady's control over her daily work responsibilities.

The pleadings and the evidence presented to the district court support the court's ultimate decision that Workman was an employee of both Essential Personnel and Hornady at the time of her accident. Based upon the three-part test established by the Supreme Court for determining whether one is an employer within the meaning of the Workers' Compensation Act, there was evidence that Workman was completing work for and on behalf of Hornady at the time of the accident and that Hornady controlled the details of Workman's daily tasks. Workman alleged in her pleadings: "On November 1, 2017, James Washington, a team leader at Hornady, assigned Workman to operate the standup forklift and directed her to retrieve a pallet of manuals from a sub-basement." There was also evidence that Workman and Hornady had entered into, at the very least, an implied contract for hire. In *Kaiser v. Millard Lumber, Inc.*, 255 Neb. 943, 587 N.W.2d 875 (1999), the Supreme Court found an implied contract of hire was established with a special employer when the employee had the right to refuse or terminate any assignment offered to it through its labor broker and voluntarily went to work for the special employer. In addition, such an implied contract of hire could be assumed given that the special employer controlled every detail of the employee's work on its premises and clearly intended to employ the employee. See also *Daniels v. Pamida, Inc.*, 251 Neb. 921, 561 N.W.2d 568 (1997). Here, the pleadings and the evidence demonstrate that Workman voluntarily chose to work at Hornady and had the right to terminate her work with Hornady at any time. In addition, Hornady clearly intended to employ Workman, as it offered her new employee orientation and additional training for her specific responsibilities.

We note that during the hearing on Workman's motion to continue, her counsel was unable to articulate exactly what information he expected to gain from further discovery that would create a genuine issue of material fact regarding Workman's employment status with Hornady. Neb. Rev. Stat. § 25-1335 (Reissue 2016) provides a safeguard against an improvident or premature grant of summary judgment. See *Lombardo v. Sedlacek*, 299 Neb. 400, 908 N.W.2d 630 (2018). Section 25-1335 provides:

> Should it appear from the affidavits of a party opposing the motion that he [or she] cannot for reasons stated present by affidavit facts essential to justify his [or she] opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Supreme Court has explained that the affidavit in support of relief under § 25-1335 need not contain evidence going to the merits of the case, but it must contain a reasonable excuse or good cause, explaining why a party is presently unable to offer evidence essential to justify opposition to the motion for summary judgment. *Lombardo v. Sedlacek, supra*. The Supreme Court has also cited with approval case law holding that the affidavit must show how additional time will enable the party to rebut a summary judgment movant's allegation that no genuine issue of material fact exists for disposition by trial. *Id*. The affidavit should specifically identify the relevant information that will be obtained with additional time and indicate some basis for the conclusion that the sought information actually exists. *Id*. In this case, the affidavit of Workman's counsel did not specifically identify the relevant information that would be obtained nor did it state how the additional time would enable Workman to rebut Hornady's motion. Additionally, despite being given the opportunity at the hearing to provide the court with such information, counsel only provided vague assertions that further discovery would aid Workman in presenting her case.

Workman's counsel did indicate to the district court that it had not yet had the opportunity to depose corporate representatives from Essential Personnel or Hornady and that he wished to do so prior to the summary judgment proceedings. However, it is clear from our record that although Workman filed her action in April 2021 and had notice of Hornady's assertion that the exclusive remedy doctrine barred Workman's action as early as May 2021 when Hornady filed its motion to dismiss, Workman had not filed any formal request to depose the corporate representatives by the time of the summary judgment hearing almost two years later in February 2023.

In support of his motion to continue, Workman's counsel offered into evidence a copy of an email he sent to Hornady's counsel in August 2022, wherein he requested the names of corporate representatives for Hornady and Essential Personnel. Within that email, counsel indicated his intent to eventually request to depose those corporate representatives, but he never followed through by filing a formal request. Neb. Ct. R. Disc. § 6-330(b)(1)(A) provides, in relevant part:

> A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or her or the particular class or group to which he or she belongs. The notice shall also state the name, address, telephone number, and email address (if any) of the party taking the deposition or if the party is represented, the party's attorney.

Counsel's August 2022 email was not in compliance with the requirements of § 6-330. In fact, counsel essentially admitted as such in his affidavit submitted to the court when he attached "true and accurate copies of the remaining discovery depositions [sic] notices [Workman] seeks to serve on both defendant Hornady, and plaintiff/employer Essential Personnel." Workman's counsel did not provide any reason for the delay in scheduling or conducting the depositions he believed to be necessary. Ultimately, a motion to continue pursuant to § 25-1335 will not provide relief to a party who has been dilatory in its efforts at discovery. See *DeCamp v. Lewis*, 231 Neb. 191, 435 N.W.2d 883 (1989).

Ultimately, we can find no abuse of discretion in the district court's decision to deny Workman's motion to continue the summary judgment hearing to conduct further discovery. The district court was provided with sufficient evidence that Workman was an employee of Hornady at the time of her accident and that, as such, her negligence claims were barred by the exclusive remedy doctrine of the Workers' Compensation Act. Workman did not provide any basis to believe that the information it would obtain by way of deposition testimony would create a genuine issue of material fact as to her employment status. Moreover, Workman had almost two years prior to the summary judgment hearing to conduct whatever discovery was necessary. She failed to do so and failed to satisfactorily explain why she had been unable to accomplish this task in a timely manner.

CONCLUSION

We affirm the decision of the district court which denied Workman's request to continue the summary judgment hearing and which, ultimately, granted Hornady's motion for summary judgment.

AFFIRMED.